**Connie J. SNYDER, Plaintiff–Appellant,**

v.

**Donna E. SHALALA, Secretary of the Department of Health and Human Services, Defendant–Appellee.**

No. 94–1228.

United States Court of Appeals, Tenth Circuit.

Jan. 6, 1995.

Frederick W. Newall, Colorado Springs, CO, for appellant.

Henry L. Solano, U.S. Atty., Michael E. Hegarty, Asst. U.S. Atty., Denver, CO (Frank V. Smith III, Acting Chief Counsel, Region VIII, Deana R. Ertl–Lombardi, Asst. Regional Counsel, Dept. of Health and Human Services, Denver, CO, of counsel), for appellee.

Before BALDOCK and McKAY, Circuit Judges, and VRATIL,* District Judge.

BALDOCK, Circuit Judge.

Claimant Connie J. Snyder appeals the district court's affirmance of the Secretary's decision holding that she does not have enough covered quarters to be insured for Social Security purposes. Because the Secretary is prohibited from changing the characterization of remuneration for services performed by a federal employee prior to November 10, 1988, we affirm.[1]

In order to be insured, claimant had to demonstrate twenty quarters of coverage out of the previous forty quarters. A person is credited with quarters of coverage based on the wages paid, see 20 C.F.R. § 404.101(b); credit is given only for earnings that are "covered" for Social Security purposes, id. § 404.1001(a)(1). Not all forms of remuneration are considered wages. See 42 U.S.C. § 409.

The ALJ held that claimant had only seventeen of the requisite twenty quarters of coverage. At issue are amounts paid to claimant while she was working for VISTA (sometimes referred to as ACTION) from September 1985 to February 1988. VISTA did not withhold Social Security taxes for the bulk of claimant's pay, labeling most of her earnings as "meals and lodging."[2] Only a $900 annual payment denominated a "stipend" was considered wages by VISTA. Claimant disputes ever receiving meals or lodging from VISTA as part of her compensation. Nevertheless, the ALJ found that the evidence was "insufficient to show the value of food and lodging was incorrectly considered as non-covered remuneration." Appendix at 21. Without the amounts from VISTA counting as wages, claimant does not meet the threshold for coverage.

In affirming the decision of the ALJ, the Appeals Council held that the evidence of her

---

* Honorable Kathryn H. Vratil, District Judge, United States District Court for the District of Kansas, sitting by designation.

1. After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.

2. Meals and lodging are considered wages only under specific circumstances. See 20 C.F.R. § 404.1043.

earnings from VISTA from 1985 through 1988 was "evidence of [claimant's] employer's determination as to the amounts of these earnings which are covered for Social Security purposes." *Id.* at 11. The Appeals Council further explained:

> With respect to service rendered prior to November 10, 1988 (the effective date of the amendment made by section 8015 of Public Law 100–647), section 205(p) of the Social Security Act [42 U.S.C. § 405(p)] provided that the Secretary may not make a determination as to the amount of remuneration paid an employee of the United States and will accept the determination of remuneration made by the appropriate Federal agency as final and conclusive. Neither the Administrative Law Judge nor Appeals Council has the authority to make a determination as to the amount of "wages" paid to you by ACTION.

*Id.* There is no dispute that VISTA (or ACTION) was an agency of the United States.

▮▮▮ The district court held that "the ALJ's decision not to reopen or alter past records which were not proved to be in error was supported by substantial evidence." Attachment to Appellant's Br. at 4. We review the Secretary's decision to determine whether it is supported by substantial evidence. *Trimiar v. Sullivan,* 966 F.2d 1326, 1329 (10th Cir.1992). If the ALJ failed to apply the proper legal test, reversal is appropriate apart from a lack of substantial evidence. *Thompson v. Sullivan,* 987 F.2d 1482, 1487 (10th Cir.1993). While neither the ALJ nor the district court rested their decisions squarely on 42 U.S.C. § 405(p)(1), the Appeals Council properly found that statute to prohibit the determination claimant would have the Secretary make in her case.

Prior to its amendment in 1988, section 405(p)(1) provided in relevant part:

> With respect to service included as employment under section 410 of this title which is performed in the employ of the United States or in the employ of any instrumentality which is wholly owned by the United States, ... the Secretary shall not make determinations as to whether an individual has performed such service, the periods of such service, *the amounts of remuneration for such service which constitute wages under the provisions of section 409 of this title,* or the periods in which or for which such wages were paid, but shall accept the determinations with respect thereto of the head of the appropriate Federal agency or instrumentality, and of such agents as such head may designate.... Such determinations shall be final and conclusive.

42 U.S.C. § 405(p)(1) (1982) (emphasis added). Because claimant is asking the Secretary to revise her records in order to reclassify amounts identified by her federal employer from "meals and lodging" to "wages," she is requesting the Secretary to make a determination as to "the amounts of remuneration for such service which constitute wages," an activity prohibited by the statute.

Our conclusion is bolstered by the subsequent history of the statute. Section 405(p)(1) was amended in 1988 to allow the Secretary to perform the sort of adjustment advocated by claimant.[3] Unfortunately for claimant, however, that amendment applies only to "determinations relating to service commenced in any position on or after the date of the enactment of this Act [November 10, 1988]." Technical and Miscellaneous Revenue Act of 1988, Pub.L. No. 100–647, 1988 U.S.C.C.A.N. (102 Stat.) 3342, 3791. Because claimant's service with VISTA occurred before November 10, 1988, the Secre-

---

3. The new statute then read:

> With respect to service included as employment under section 410 of this title which is performed in the employ of the United States or in the employ of any instrumentality which is wholly owned by the United States ... the Secretary shall not make determinations as to the amounts of remuneration for such service, or the periods in which or for which such remuneration was paid, but shall accept the determinations with respect thereto of the head of the appropriate Federal agency or in-

strumentality.... Such determinations shall be final and conclusive. Nothing in this paragraph shall be construed to affect the Secretary's authority to determine under sections [409 and 410] whether any such service constitutes employment, the periods of such employment, and whether remuneration paid for any such service constitutes wages.

42 U.S.C. § 405(p)(1) (1988). Section 409 defines "wages" and the circumstances under which particular remuneration is considered as such.

tary is precluded from redetermining the character of her compensation.

If claimant were merely asking the Secretary to increase the amount of her wages as reflected in her records, we would agree that 42 U.S.C. § 405(c)(5)(H) (1991), 20 C.F.R. § 404.822(e)(5) (1994), and relevant legislative history authorize the Secretary to make such changes. Those provisions, however, presuppose that the amounts in question have already been determined to be "wages." Claimant's problem is that her case is focused on an analytically earlier stage: determining whether the compensation she received from VISTA can be considered "wages" at all. Claimant is not asking that amounts already labeled by VISTA as "wages" be increased; she is asking the Secretary to change the characterization of her compensation from the agency-defined "meals and lodging" to "wages." Because the amounts in question were earned before November 10, 1988, § 405(p)(1) prohibits this action by the Secretary.

Claimant's argument that the Budget Reconciliation Act of 1989 (Act) amended § 405(c)(5)(H) to allow the Secretary to consider her earnings from VISTA as "wages" is incorrect. Section 10304 of the Act merely deleted the prior requirement which had limited inclusions of additional wages to cases where there was no entry in the Secretary's records. Omnibus Budget Reconciliation Act of 1989, Pub.L. 101–239, 1989 U.S.C.C.A.N. (103 Stat.) 2106, 2483; 42 U.S.C. § 405(c)(5)(H) (1982). While amounts already accepted as wages can be increased under this section, the Act did nothing to modify the force of 42 U.S.C. § 405(p)(1) (1982) preventing the Secretary from recharacterizing the nature of remuneration for work performed by federal employees prior to November 10, 1988.

■ Claimant also argues that 20 C.F.R. § 404.1018 supports her position. That regulation states in pertinent part:

§ 404.1018 Work by civilians for the United States Government or its instrumentalities—wages paid after 1983.

(a) *General.* If you are a civilian employee of the United States Government or an instrumentality of the United States, your employer will determine the amount of remuneration paid for your work and the periods in or for which such remuneration was paid. We will determine whether your employment is covered under Social Security, the periods of such covered employment, and whether remuneration paid for your work constitutes wages for purposes of Social Security.

20 C.F.R. § 404.1018 (1994). Because the title of this regulation refers to wages paid after 1983, at first blush it would seem to support the power in the Secretary claimant advocates here. We think otherwise. Initially we note that in the face of this seeming conflict between 42 U.S.C. § 405(p)(1) and the Secretary's regulation, the language of the unambiguous statute controls. *Nevada Power Co. v. Watt,* 711 F.2d 913, 920 (10th Cir.1983). An administrative interpretation, while entitled to deference, will not prevail when "a different construction is plainly required." *Id.* We think, however, that there really is no substantive conflict afoot here.

Section 404.1018 was originally promulgated to implement Medicare and Social Security coverage for certain federal employees. *See* 53 Fed.Reg. 38,944 (1988) (to be codified at 20 C.F.R. § 404.1018). The agency comments released at the time the regulation was first published acknowledge the effect of 42 U.S.C. § 405(p)(1), (§ 205(p)(1) of the Social Security Act), requiring the Secretary to accept determinations of other federal agencies as to whether a federal employee's remuneration was "wages" under § 209 of the Act. *See id.* at 38,944. The language indicating that the Secretary will determine whether "remuneration paid for your work constitutes wages for purposes of Social Security" did not appear in the regulation until 1991, obviously reflecting the 1988 amendment to 42 U.S.C. § 405(p)(1). *Compare* 20 C.F.R. § 404.1018 (1989) *with* 20 C.F.R. § 404.1018 (1991). When the regulation was amended to reflect the change in 42 U.S.C. § 405(p)(1), no change was made to the title of § 404.1018 to reflect the different treatment required for pre- and post–1988 federal compensation. We view as an oversight the fact that the title of the regulation still includes reference to "wages paid after 1983."

Claimant's last two arguments are also unavailing. The ALJ has not made a de facto reopening of her case which would somehow allow him to investigate and possibly change the nature of her VISTA compensation. Reopening refers to further action on a case that has otherwise become final and binding. *See* 20 C.F.R. § 404.987(a). There was no final decision in this case prior to the ALJ's initial determination, nor would reopening give the Secretary power she clearly does not have.

Finally, we find no error in the ALJ's conclusion that work done by claimant in 1980 for her then-husband would be excluded from coverage.

The judgment of the United States District Court for the District of Colorado is AFFIRMED.