**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 10 1998**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JIMMIE LEE WHITNEY,

      Petitioner-Appellee,

v.

JOSEPH T. BOOKER, Warden,

      Respondent-Appellant.

No. 97-1243

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 96-Z-1862)**
**(962 F. Supp. 1354)**

---

Vicki Mandell-King, Assistant Federal Public Defender (Michael G. Katz, Federal Public Defender with her on the brief), Denver, Colorado, for Petitioner-Appellee.

Richard K. Preston, United States Department of Justice (Henry L. Solano, United States Attorney and Mark S. Pestal, Assistant United States Attorney, Denver, Colorado, with him on the brief), Chevy Chase, Maryland, for Respondent-Appellant.

---

Before **SEYMOUR**, Chief Judge, **BALDOCK**, and **BRISCOE**, Circuit Judges.

---

**BALDOCK**, Circuit Judge.

---

Respondent appeals the order of the district court granting Petitioner habeas corpus relief under 28 U.S.C. § 2241. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we review the district court's ruling on the habeas petition de novo. Sinclair v. Henman, 986 F.2d 407 (10th Cir. 1993). Applying this standard, we affirm.

## I.

On March 10, 1978, the district court sentenced Petitioner Jimmie Lee Whitney to ten years imprisonment, followed by a six-year term of special parole, for conspiracy to possess and distribute narcotics. Petitioner completed his original ten-year term on June 30, 1989, and began serving his six-year special parole term. On June 29, 1990, Petitioner's special parole was revoked for the first time for drug use. The United States Parole Commission (hereinafter "Commission") imposed a six-year term of imprisonment and forfeited Petitioner's credit for the time he served on special parole. On June 9, 1992, after serving approximately two years of this six-year term, the Commission again released Petitioner on special parole. On August 26, 1993, the Commission revoked Petitioner's special parole for a second time for drug use and forfeited his credit for the 14 months he served on special parole. Petitioner was re-paroled on May 3, 1995, and remained out of prison until August 1, 1996, when the Commission revoked his special parole for a third time. Once again,

2

Petitioner received no credit for the time served on special parole.

On August 27, 1996, Petitioner filed his petition for habeas corpus relief challenging the Commission's re-imposition of special parole after the revocation of his original term of special parole in June 1990. Petitioner argued that the Commission lacked statutory authority under 21 U.S.C. § 841(c) to impose a new term of special parole after the original term was revoked. The district court agreed and granted the petition, ordering Petitioner released from custody. The district court concluded that because of an important distinction between special and regular parole, Petitioner had completed his sentence. The district court recognized that when parole is revoked, parolees on regular parole receive credit for the time spent on the street. In contrast, the district court noted that § 841(c) provides that parolees on special parole receive no credit for "street time." The district court concluded that after Petitioner's special parole was revoked in June 1990 and the six-year term of imprisonment imposed, Petitioner was released on regular parole and thus entitled to credit for "street time." Therefore, Petitioner's term would have been completed by June 1996, and he was entitled to release "as soon as feasible."

II.

We must determine whether the Commission exceeded its statutory authority under 21 U.S.C. § 841(c) when it assigned Petitioner a new term of

special parole after his original term of special parole was revoked. The circuits are split over this question. Five circuit courts have held that the Commission lacks the authority to reimpose a term of special parole after revocation of the original term of special parole. Strong v. United States Parole Comm'n, 141 F.3d 429 (2nd Cir. 1998); United States v. Robinson, 106 F.3d 610 (4th Cir. 1997); Evans v. United States Parole Comm'n, 78 F.3d 262 (7th Cir. 1996); Fowler v. United States Parole Comm'n, 94 F.3d 835 (3rd Cir. 1996); Artuso v. Hall, 74 F.3d 68 (5th Cir. 1996). Two circuits have reached the contrary conclusion. See Billis v. United States, 83 F.3d 209 (8th Cir. 1996) (per curiam); United States Parole Comm'n v. Williams, 54 F.3d 820 (D.C. Cir. 1995). For the reasons set forth below we adopt the well-reasoned majority view and hold that the Commission lacked authority to reimpose special parole after revoking the original term.

Our analysis begins with the text of the statute. See G.R. Dickerson v. New Banner Inst., Inc., 460 U.S. 103, 110 (1983). Although § 841(c) was repealed by the Sentencing Reform Act of 1984, it still applies to convictions for offenses committed before November 1, 1987. See P.L. No. 98-473, tit. II, § 224(a)(2); Gozlon-Peretz v. United States, 498 U.S. 395, 398 (1991). Section 841 provides that:

> A special parole term . . . may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be

4

increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.

21 U.S.C. § 841(c) (repealed 1984).

Section 841(c) provides for revocation of special parole, resulting in a "new term of imprisonment." In interpreting this provision, other circuit courts have relied on a line of cases interpreting a similar statute governing supervised release, namely 18 U.S.C. § 3583(e). See, e.g., Evans, 78 F.3d at 264. These courts held that in the context of both § 841(c) and § 3583(e) "revoke" means to "cancel or rescind." Consequently, when the original term of special parole is revoked, it is "extinguished and converted to regular imprisonment," with any release before its end subject only to regular parole. Id.

There are compelling reasons to interpret these two statutes together. First, the Sentencing Reform Act of 1984 replaced special parole with supervised release. See Gozlon-Perez, 498 U.S. at 397. In so doing, Congress simply replaced "special parole" with "supervised release" in the statute and added new provisions governing the termination of supervised release. See Evans, 78 F.3d at 264. Second, the statutes are similar "in that Congress provides for 'revocation' of a statutorily-created sentence without granting any explicit authority to reimpose that sentence." Strong, 141 F.3d at 432-33.

5

In United States v. Rockwell, 984 F.2d 1112 (10th Cir. 1993), we held that under § 3583(e) the district court lacked authority to impose a new term of imprisonment coupled with a new term of supervised release once the original term had been revoked. Id. at 1117. Although our conclusion was not based on an interpretation of "revocation," we noted that other circuits had employed this reasoning when interpreting § 3583(e). We deferred adopting this reasoning, however, because it was not necessary to our conclusion. Id. at 1117 n.8. We now adopt this analysis and conclude that § 841(c) does not authorize the Commission to reimpose special parole after the original term has been revoked. The plain language dictates this result. The statute clearly provides for the revocation of special parole; however, language granting the Commission authority to reimpose a new term of special parole instead of regular parole is conspicuously missing. Because the sentencing judge, not the Commission, imposes special parole, it follows that the Commission does not have the authority to create additional terms of special parole. See Strong, 141 F.3d at 433; Evans, 78 F.3d at 265 ("The Parole Commission cannot 'impose' a term of special parole any more than it can 'sentence' a defendant to prison").

Finally, the Commission argues that we should defer to its regulation providing for special rather than regular parole after special parole has been

6

revoked.[1] We disagree. Because we find no ambiguity in § 841(c), we simply give effect to the clear meaning of the statute and need not defer to the Commission's interpretation. See Chevron v. Natural Resources Defense Council, 467 U.S. 837, 842-43 (1984); Sierra Club v. EPA, 99 F.3d 1551, 1555 (10th Cir. 1996). Furthermore, the agency's interpretation cannot prevail when it conflicts with the plain meaning of the statute. Snyder v. Shalala, 44 F.3d 896, 899 (10th Cir. 1995).

For the foregoing reasons, we hold that the Commission lacked authority to impose a new term of special parole under § 841(c) after the original term of special parole was revoked. Accordingly, the decision of the district court is

AFFIRMED.

---

[1] The regulation states that when a parolee violates special parole "he will be subject to revocation of the Special Parole Term . . . and subject to re-parole . . . under the Special Parole Term." 28 C.F.R. 2.57(c).

7