**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY WAYNE THURMAN,

     Plaintiff-Appellant,

v.

TONY DEMICO, UNITED STATES
PAROLE COMMISSION,

     Defendant-Appellee.

No. 98-6200
(D.C. No. 97-CV-1324)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **BALDOCK**, **EBEL** and **MURPHY**, Circuit Judges.

     Petitioner Anthony Wayne Thurman, appearing pro se, appeals from an

order of the United States District Court for the Western District of Oklahoma

denying his petition for habeas relief under 28 U.S.C. § 2241. Mr. Thurman

argues that the United States Parole Commission ("USPC") lacked statutory

authority under 28 U.S.C. § 841(c) to impose new terms of special parole

following the revocation of his original special parole term in November 1990.

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

As a result, Mr. Thurman was not credited for "street time" served during various periods of re-release.

The district court adopted the findings and recommendation of a magistrate judge and denied relief under § 2241. Noting a circuit split on the issue, and the lack of Tenth Circuit precedent on point, the district judge agreed with the reasoning in Adcock v. Warden, No. CIV-95-1720-R (W.D. Okla. Oct. 9, 1996), which followed the minority view that 21 U.S.C. § 841(c) permits the USPC to impose additional terms of special parole following revocation of a prisoner's original special parole term.

Subsequent to the district court's decision in this case, the Tenth Circuit resolved this issue in Whitney v. Booker, 147 F.3d 1280 (10th Cir. 1998). Whitney adopted the view of the Second, Third, Fourth, Fifth and Seventh Circuits,[1] and held that "§ 841(c) does not authorize the Commission to reimpose special parole after the original term has been revoked." Whitney, 147 F.3d at 1282 (emphasis supplied).

In light of the clearly contrary holding in Whitney, we VACATE the judgment of the district court and REMAND the case to the district court. The

_____

[1]See Strong v. United States Parole Comm'n, 141 F.3d 429, 433 (2d Cir. 1998); United States v. Robinson, 106 F.3d 610, 613 (4th Cir. 1997); Fowler v. United States Parole Comm'n, 94 F.3d 835, 840 (3d Cir. 1996); Evans v. United States Parole Comm'n, 78 F.3d 262, 264 (7th Cir. 1996); Artuso v. Hall, 74 F.3d 68, 71 (5th Cir. 1996).

district court shall then remand to the USPC for recalculation of Mr. Thurman's term consistent with the Tenth Circuit's holding in Whitney. Should the USPC determine that Mr. Thurman's maximum period of supervision has expired, Mr. Thurman must be released from custody.

Mr. Thurman also asserts for the first time on appeal that he should have been credited for street time earned during certain periods of regular parole served during the principal incarceration portion of his sentence. As this issue was not raised in the district court, we review only for plain error. See Fed. R. Crim. P. 52(b) ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."). The record before us raises concerns that Mr. Thurman may have been improperly denied credit for portions of street time served while on regular parole.[2] However, because the

_____

[2]Based on the record before us, it appears that Mr. Thurman was properly denied credit for 5 months' street time served on regular parole between May 1, 1981 and November 30, 1981, because he was convicted for a robbery committed while on parole. See 28 C.F.R. § 2.52(c)(2) (mandating forfeiture of street time served from date of release to date of warrant where parolee convicted of offense punishable by incarceration or detention). However, although Mr. Thurman's subsequent parole revocations did not involve convictions, his principal term of incarceration was ultimately extended nearly 15 months; initially scheduled to end December 16, 1998, it did not end until March 5, 1990. Particularly confusing is that the record appears to reflect that Mr. Thurman was denied credit for approximately 6 months' street time served on regular parole between January 8, 1987 and June 8, 1988 (the date a warrant was issued for a DUI and for failure to report an arrest), (see Def.'s Mot. to Dismiss ¶¶ 13-14 (entry no. 26)), even though the October 6, 1998 order by the USPC revoking parole stated that Mr.

(continued...)

record before us is unclear, we REMAND this issue to the district court for further findings with respect to Petitioner's claim.  Because the recalculation of Mr. Thurman's sentence may render him eligible for immediate release, we GRANT Petitioner's Motion to Expedite the Proceedings.  The district court should consider this motion on an expedited basis on remand.

ENTERED FOR THE COURT


David M. Ebel
Circuit Judge

---

[2](...continued)
Thurman was to be credited for street time served. (Id., Ex. M.)

- 4 -