**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 7 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ANTHONY WAYNE THURMAN,

      Petitioner - Appellant,

vs.

TONY DEMICO,

      Respondent - Appellee.

No. 99-6048
(D.C. No. 97-CV-1324)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **KELLY**, and **BRISCOE**, Circuit Judges.[**]

      Mr. Thurman, an inmate appearing pro se, seeks to appeal from the denial

of his habeas petition, 28 U.S.C. § 2241. Mr. Thurman sought review of the

calculation of his mandatory release date set for December 4, 2000 and the district

court originally denied relief. On appeal, the Tenth Circuit reversed in light of

the holding in Whitney v. Booker, 147 F.3d 1280 (10th Cir. 1998), and remanded

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The cause is therefore ordered submitted without oral argument.

for a recalculation. Thurman v. Demico, No. 98-6200, 1998 WL 703312 (10th Cir. Oct. 7, 1998). The district court agreed with the United States Parole Commission's recalculation of a mandatory release date of April 19, 1999. Mr. Thurman again claimed miscalculation, and the district court dismissed the petition. Although the mandatory release date preceded the disposition of this appeal, Mr. Thurman is again in custody on a violation and contends that had the recalculation been done properly, he would not be in prison.

The predicate of Mr. Thurman's claims is that the USPC incorrectly determined that he had forfeited 15 months of street time. See R. doc. 47 at 1; United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996) (only specific and timely objections to magistrate judge's recommendation are preserved for review). Mr. Thurman had been released from custody in May 1981 but a parole violator's warrant issued in November 1981. The warrant was not executed until July 1982 and the USPC determined that Mr. Thurman had forfeited the entire 15 months of street time from May 1981 through July 1982.

Mr. Thurman contends that the issuance of the warrant caused him to be "in custody" and no longer on the street, so that only 5 months of "street time" should be forfeited. Such an argument is without merit. A person is not in custody until a warrant has been executed, and mere issuance is not enough to constitute execution. See Nash v. Moseley, 433 F.2d 923, 924 (10th Cir. 1970) ("Parole

- 2 -

violator's warrants have been held not to be self-executing when defendant is not taken into custody under the warrant.").

We DENY Mr. Thurman's motion for leave to proceed on appeal without prepayment of fees or costs, DENY his motion for a certificate of appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge