**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

APR 5 2005

FOR THE TENTH CIRCUIT

**PATRICK FISHER**
**Clerk**

EDWARD JOSEF SCHULER,

      Plaintiff - Appellant,

  v.

JO ANNE B. BARNHART,
Commissioner of the Social Security
Administration,

      Defendant - Appellee.

No. 04-4164
(D.C. No. 2:03-CV-736-TS)
(D. Utah)

ORDER AND JUDGMENT *

Before **LUCERO** , **McKAY** , and **ANDERSON** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination

of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

\*    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff Edward Schuler appeals the district court's affirmance of the Commissioner's decision denying him disability insurance benefits (DIB), because he was not insured for DIB due to insufficient quarters of coverage on his alleged disability onset date. We exercise jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g), and we affirm.

To be insured, Mr. Schuler is required to show that he had at least twenty quarters of coverage in the forty-quarter period including October 20, 1988, his alleged date of disability. *See* 42 U.S.C. § 423(c)(1)(B)(i); 20 C.F.R. § 404.130(b)(2); *Snyder v. Shalala*, 44 F.3d 896, 897 (10th Cir. 1995). The Administrative Law Judge (ALJ) found that Mr. Schuler was not insured for DIB on October 20, or at any later date, because he had only eleven of the requisite twenty quarters of coverage. The ALJ rejected Mr. Schuler's attempt to acquire quarters of coverage for self-employment income in 1985 and 1986, because he filed tax returns for those years outside the time limits permitted for inclusion of self-employment income in the calculation of quarters of coverage and no exceptions applied. Even if he qualified for the eight additional quarters of coverage for 1985 and 1986, the ALJ noted he still had only nineteen quarters of coverage. The Appeals Council declined review, making the ALJ's decision the final decision of the Commissioner.

Mr. Schuler then appealed to the district court. On referral, the magistrate judge concluded substantial evidence supported the ALJ's decision and recommended the decision be affirmed. The district court adopted the magistrate judge's report and recommendation.

Like the district court, we review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence and whether the correct legal standards were applied. *Threet v. Barnhart*, 353 F.3d 1185, 1189 (10th Cir. 2003). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004).

Mr. Schuler argues that the Commissioner's refusal to recompute his quarters of coverage denied him due process and equal protection. The Social Security Administration's (SSA) earnings record for Mr. Schuler shows no self-employment income entries for 1985 and 1986. Mr. Schuler filed tax returns reporting self-employment income for these years in May 1995, after the limitations period expired for correcting self-employment income records. *See* 42 U.S.C. § 405(c)(1)(B), (c)(4) (setting forth three-year, three-month and fifteen-day time limitations period for correcting records for year in question). The SSA's record therefore is conclusive evidence that Mr. Schuler had no self-employment income for 1985 and 1986. *See* 42 U.S.C. § 405(c)(4)(C);

20 C.F.R. § 404.803(c)(3); *Yoder v. Harris*, 650 F.2d 1170, 1172 (10th Cir. 1981). And no exceptions apply for correcting Mr. Schuler's earnings record for these two years. *See* 42 U.S.C. § 405(c)(5)(F); 20 C.F.R. § 404.822(b)(2). We conclude the ALJ's decision that Mr. Schuler was not entitled to any quarters of coverage for 1985 and 1986 self-employment income is supported by substantial evidence and is without legal error.

Next, Mr. Schuler argues that he presented new evidence in the district court that part of his 1985 and 1986 earnings was from wages, and therefore this court should remand to the Commissioner for further proceedings. Remand is appropriate only "upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). In this case, remand is not appropriate. As the district court recognized, the administrative record shows only self-employment income for 1985 and 1986, not wages. Mr. Schuler fails to show good cause for not bringing this argument to the ALJ's attention. Moreover, we note that the wage information he presented to the district court is from 1987, a year for which he received four quarters of coverage.

In addition, Mr. Schuler argues that if the Commissioner had recomputed his earnings under 20 C.F.R. § 404.211, he would have had sufficient quarters of coverage. This section applies to the computation of the amount of benefits for

persons who are entitled to DIB. Because Mr. Schuler is not eligible for benefits due to insufficient quarters of coverage, this section does not apply to him.

We reject Mr. Schuler's argument that the district court erred in denying him oral argument. A party's right to be heard may be satisfied by the district court's review of the briefs and other materials before the court. *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988). Here, the magistrate judge examined the district court filings and the administrative record, and the district court reviewed Mr. Schuler's objections to the magistrate judge's report and recommendation de novo. Nothing in the record before us suggests the case could not be adequately addressed based on the district court filings and administrative record. *See id.*

We also reject Mr. Schuler's argument that his pro se status has handicapped his ability to amend his records and has deprived him of due process and equal protection. Mr. Schuler's pro se status alone is not enough to require reversal. *See Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). And Mr. Schuler does not show either a deprivation of due process or equal protection.

Finally, we reject any of Mr. Schuler's arguments that have not been specifically addressed in this order and judgment.

The judgment of the district court is AFFIRMED.  Mr. Schuler's request for leave to proceed on appeal in forma pauperis (IFP) is moot.  The district court did not alter Mr. Schuler's IFP status after filing its decision.  Thus, he was permitted to make his payments in installments.  He remains obligated to continue making payments until the entire filing fee is paid.  *See* Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(b)(2).  The mandate shall issue forthwith.

Entered for the Court

Stephen H. Anderson
Circuit Judge