FILED
United States Court of Appeals
Tenth Circuit

December 3, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JESUS JOHN HERNANDEZ,

      Petitioner - Appellant,

v.

JOE STARMANN, Director,
Independence House South; UNITED
STATES PAROLE COMMISSION,

      Respondents - Appellees.

No. 13-1531
(D.C. No. 1:12-CV-00881-MKS-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Jesus John Hernandez, proceeding pro se,[1] appeals from the district court's

denial of his application for a writ of habeas corpus under 28 U.S.C. § 2241.  He

argues that the United States Parole Commission ("Commission") lacked authority to

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Hernandez's pro se filing liberally.  See Garza v. Davis,
596 F.3d 1198, 1201 n.2 (10th Cir. 2010).

impose a second term of special parole after special parole had been revoked, that the Commission failed to hold a required parole hearing, and that the district court should have held an evidentiary hearing.[2] Exercising jurisdiction under 28 U.S.C. § 1291 and reviewing de novo, see Garza, 596 F.3d at 1203, we affirm.

# I

In 1986, Hernandez was convicted of conspiracy to import marijuana, distribution or possession with intent to distribute cocaine, conspiracy, continuing criminal enterprise, and being a felon in possession of a firearm. He was sentenced to an aggregate term of imprisonment of twenty years to be followed by ten years of special parole.[3] In July 1994, he was released on regular parole. Then, in 1995, the Commission imposed a special drug aftercare condition, which included drug testing. After completing regular parole, Hernandez began his ten-year special parole term in September 2005. Two years later, in September 2007, the Commission issued a parole violator warrant and placed him in custody for special parole violations: a traffic violation, failure to submit to drug testing, use of drugs, failure to report to his supervising officer, and violating a restriction on working as a paralegal. The

_____

[2] Because Hernandez recognizes that the Commission is the true respondent, we refer to both respondents as the Commission.

[3] Under the Controlled Substances Act of 1970, "certain drug offenders were required to serve a term of special parole following . . . completion of the primary sentence, which may include regular parole. . . ." See Escamilla v. Warden, FCI El Reno, 2 F.3d 344, 345-46 (10th Cir. 1993). The Sentencing Reform Act of 1984 and the Controlled Substances Penalties Amendments Act of 1984 replaced special parole with supervised release. See id. at 345 n.2.

Commission revoked special parole in February 2008. Hernandez did not receive credit for the two years of "street time" he spent on special parole. See 21 U.S.C. § 841(c) (repealed 1984) (requiring forfeiture of time spent on special parole).[4] In September 2008, the Commission re-paroled Hernandez. After he tested positive for drug use in late 2011, the Commission ordered his temporary placement in a halfway house for drug treatment and required that he pay for drug abuse treatment and testing. According to the Commission's Notice of Action, Hernandez was serving ten years of special parole. His parole was not revoked, however, and it will expire in September 2017, ten years after he was returned to custody on the special parole violator warrant.

In his § 2241 application, Hernandez alleged that (1) because special parole has been repealed, he should not be required to serve a ten-year term of special parole; and (2) the requirements imposed on him after sentencing—that he submit to drug testing and pay for drug testing, counseling, and supervision—violated the Ex Post Facto Clause. Later, Hernandez asserted that the Commission improperly

---

[4] Section 841(c) provided:

A special parole . . . may be revoked if its terms and conditions are violated. In such circumstances the original term of imprisonment shall be increased by the period of the special parole term and the resulting new term of imprisonment shall not be diminished by the time which was spent on special parole. A person whose special parole term has been revoked may be required to serve all or part of the remainder of the new term of imprisonment.

imposed a new ten-year term of special parole after revoking his special parole, thereby increasing his sentence by two years.

In two separate orders, the district court denied the § 2241 application, finding that special parole had not been repealed as to Hernandez, that the Commission's imposition of parole conditions did not violate the Ex Post Facto Clause, and that he was not entitled to credit for the two years he was on special parole before the Commission revoked it. Also, the district court found that the Commission properly re-imposed a new term of special parole.

Hernandez filed a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), reasserting that the second ten-year term of special parole imposed by the Commission is unlawful. The district court granted the motion in part to reconsider his issues as clarified and denied it in part because the § 2241 application was properly denied. When the Commission revoked Hernandez's special parole in 2008, the court found, his re-parole was to regular, not special, parole. See Whitney v. Booker, 147 F.3d 1280, 1281-82 (10th Cir. 1998) (holding that after special parole has been revoked, the Commission lacks authority to re-impose special parole). Noting that the Commission referenced Hernandez's subsequent release as special parole, the district court suggested that the Commission review his status under Whitney. But, regardless of whether he was released to a second term of special parole or to regular parole, the district court decided that Hernandez had not identified any injury suffered after his re-parole in 2007, and

-4-

therefore was not entitled to relief.  Further, the district court presumed that he will not suffer injury unless parole is revoked, at which time the question of eligibility for "street time" will arise.  Hernandez appealed.

## II

## A

On appeal, Hernandez continues to argue that the Commission lacked authority to impose a second term of special parole.  The Commission counters that it had this authority because Johnson v. United States, 529 U.S. 694, 712 (2000), is an intervening change of law overruling Whitney.  Alternatively, the Commission argues that regardless of whether Hernandez is serving regular or special parole, he has suffered no injury.  The Commission maintains that he would incur an injury only if he violates the terms of his parole, which has not yet occurred.  Only in that event would Hernandez's type of parole matter, because "street time" typically is credited for regular parole, but not for special parole.  See 28 C.F.R. § 2.52(c) (permitting "street time" for regular parole); id. § 2.57(c) (disallowing "street time" for special parole).

Under the circumstances of this case, there is no need to address whether Johnson overruled Whitney.  Rather, we agree with the district court that regardless of the type of parole Hernandez is serving, he is ineligible for § 2241 relief because he has failed to show that he has incurred any harm.  His parole has not been

revoked, and he is not eligible for release until September 2017, unless the Commission decides that he may be released before that time.

**B**

Hernandez additionally argues that the district court did not address his argument that the Commission improperly refused to comply with 18 U.S.C. § 4211(c)(1) and provide a required parole hearing. We conclude that this argument is moot. New evidence attached to the Commission's brief indicates that it held a hearing on April 1, 2014, and on May 20 issued a Notice of Action to continue supervision because there is a likelihood that, if Hernandez were released, he would engage in criminal conduct. Hernandez has had his hearing.

**C**

Finally, Hernandez argues that the district court should have held an evidentiary hearing. We disagree. The record does not indicate that he was entitled to any relief or that the court abused its discretion in denying a hearing. See Curtis v. Chester, 626 F.3d 540, 549 (10th Cir. 2010) (stating that a denial of evidentiary hearing is reviewed for abuse of discretion).

**III**

The judgment of the district court is **AFFIRMED**.  Hernandez's motion for limited remand and motion for review of that motion are **DENIED** as moot.

Entered for the Court


Carlos F. Lucero
Circuit Judge