**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 23 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ROGER LIVERMAN, JR.,

    Plaintiff - Appellant,

v.

COMMITTEE ON THE JUDICIARY,
U.S. HOUSE OF
REPRESENTATIVES,

    Defendant - Appellee.

No. 02-4049
D.C. No. 2:01-CV-393-B
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[**]

    Plaintiff-Appellant Roger A. Liverman appeals the dismissal of his pro se

complaint seeking monetary and injunctive relief against the Committee of the

Judiciary of the United States House of Representatives ("the Committee"). Our

jurisdiction arises under 28 U.S.C. § 1291 and we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

In September 1997, Mr. Liverman filed a pro se Petition for a Redress of Grievances and a Private Claim with the United States House of Representatives ("the Petition"). Dissatisfied with the Committee's lack of response and failure to set a hearing on his Petition, Mr. Liverman filed Writs of Mandamus in November 1998 ("1998 Writ") and August 1999 ("1999 Writ") asking the district court to set a time and date for a hearing before the Committee. Mr. Liverman voluntarily dismissed the 1998 Writ, and in January 2000, the district court dismissed the 1999 Writ, which alleged that the Committee's inaction violated his due process and freedom of speech rights.

We affirmed the district court's January 2000 dismissal, citing <u>Minnesota State Bd. for Community Colleges v. Knight</u>, 465 U.S. 271, 283-285 (1984), holding that members of the public enjoy no constitutional right to be heard by members of Congress. Aplee. Supp. App. 25-26. While that appeal was pending, Mr. Liverman filed yet another action asserting substantially similar claims. The district court dismissed sua sponte, holding that the judicial branch cannot compel the legislative branch to hear his Petition. Aplee. Supp. App. 29-30.

On May 29, 2001, Mr. Liverman filed the current action. In this latest version, Mr. Liverman alleges that the manner employed by the Committee to review and process his Petition was "plainly arbitrary, capricious, unequal and standardless and is in violation of fundamental principles of Equal Protection and

Due Process Clauses [sic] of the Fourteenth Amendment . . . ." Aplee. Supp. App. 33. On March 5, 2002, the district court dismissed Mr. Liverman's complaint pursuant to Fed. R. Civ. P. 12 (b)(6), holding that (1) sovereign immunity barred the suit, (2) it lacked subject matter jurisdiction to order the Committee to perform a legislative function, and (3) inasmuch as the Petition called for the initiation of impeachment proceedings against various United States officials, Mr. Liverman lacked a judicially cognizable interest in the prosecution of another. R. Doc. 35 at 1-2.

Our review is de novo. See Sutton v. Utah State Sch. for the Deaf & Blind, 173 F.3d 1226, 1236 (10th Cir. 1999). A Rule 12 (b)(6) dismissal will be upheld if, accepting the facts pleaded in the complaint as true, it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. (quoting GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1384(10th Cir. 1997).

On appeal, Mr, Liverman raises various procedural challenges. He argues that (1) various local rules of the federal district court and the Tenth Circuit violate equal protection because they treat pro se cases different than counseled cases, (2) he did not receive the full benefit of the right to due process because (a) the action was dismissed based upon the pleadings, (b) the district court dismissed the action (i) without a report and recommendation from the assigned magistrate

judge, (ii) when the factual contentions relied upon lacked evidentiary support, and (iii) he was denied initial pretrial disclosures from the Defendant.

As to Mr. Liverman's equal protection argument, we note first that Mr. Liverman did not raise this claim in the proceedings below. This Court has consistently declined to consider arguments raised for the first time on appeal. See McDonald v. Kinder-Morgan Inc., 287 F.3d 992, 999 (10th Cir. 2002). Although we have at times exercised discretion to address such arguments, we do so only under "extraordinary circumstances," id., such as where resolution of an issue is "beyond reasonable doubt, and the failure to address the issues would result in a miscarriage of justice." Petrini v. Howard, 918 F.2d 1482, 1483 (10th Cir. 1990). Finding no reason to depart from our general rule, we decline to address this argument.

As to Mr. Liverman's claim that the district court erroneously dismissed his action on the pleadings without a hearing, we note that there is no right to an oral hearing under Fed. R. Civ. P. 12(b)(6). See Greene v. WCI Holdings Corp., 136 F.3d 313, 315-316 (2d Cir. 1998). Whether to grant such a hearing is left to the discretion of the district court judge. Id. at 316. The district court did not abuse its discretion by dismissing Mr. Liverman's action without a hearing. Cf. Geear v. Boulder Community Hospital, 844 F.2d 764, 766 (10th Cir. 1988) (hearing requirement for summary judgment motions satisfied by court's review of

documents submitted by parties).

Mr. Liverman also claims that the district court deprived him of due process by dismissing his action via an order containing "factual contentions" that lacked evidentiary support. Applt. Br. at 18. Mr. Liverman takes issue with the district court's characterization of his current claim as "similar" to his other lawsuits and with the court's observation that he was "dissatisfied with the committee's response" to his Petition. Id. However, Mr. Liverman fails to indicate how the court's language in any way denied him of due process. Moreover, the district court's order in no way depended on the accuracy of the benign introductory statements of which Mr. Liverman complains. Consequently, this contention is meritless.

Mr. Liverman's claim that the district court erroneously dismissed his action without a report and recommendation by the assigned magistrate judge is similarly without merit. Implicit in a district court's discretionary authority under 28 U.S.C. § 636(b)(1)(B) to refer a matter to a magistrate is the power to withdraw a reference. Cf. 28 U.S.C. § 636(c)(4) (permitting withdraw of reference by district court in consent cases). Moreover, nothing in Section 636 suggests that a district judge is constrained to act on a motion pending before the court until the magistrate has issued a recommendation. Consequently, the district court did not err in granting the Committee's motion to dismiss without

first awaiting a recommendation by the magistrate judge.

Mr. Liverman also contends that the district court erred in staying discovery pending resolution of the Committee's motion to dismiss. We review district court rulings on discovery motions for an abuse of discretion. See Diaz v. Paul J. Kennedy Law Firm, 289 F.3d 671, 674 (10th Cir. 2002). After a careful review of the record we cannot say that the district court abused its discretion. This conclusion is buttressed by the fact that the Committee raised sovereign immunity and other immunity-based defenses in its motion to dismiss. The Supreme Court has recognized where a defense of qualified immunity has been raised, "[u]ntil [the] threshold immunity question is resolved, discovery should not be allowed." Siegert v. Gilley, 500 U.S. 226, 231 (1991). Finding no logical reason why this rule should not apply where the defendant raises the defense of sovereign immunity and the defense is primarily one of law, we conclude that the district court did not abuse its discretion in staying discovery pending resolution of the Committee's motion to dismiss.

On the merits, Mr. Liverman contends that the district court erred by dismissing on the grounds of sovereign immunity and lack of subject matter jurisdiction. Under the doctrine of sovereign immunity, the United States is immune from suit unless it consents to be sued. See United States v. Sherwood, 312 U.S. 584, 586 (1941). Moreover, "the existence of consent is a prerequisite

for jurisdiction." United States v. Mitchell, 463 U.S. 206, 212 (1983). The United States consents to suit only when Congress "unequivocally expresses in statutory text its intention to waive the United States' sovereign immunity." United States v. Richman (In re Talbot) 124 F.3d 1201, 1206 (10th Cir. 1997) (citing United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992)).

As the district court recognized, Congress has not consented to the present action. Aware of this jurisdictional hurdle to maintenance of his suit, Mr. Liverman argues that by enacting 28 U.S.C. § 1331, which provides for federal court jurisdiction of all civil actions "arising under the Constitution, laws, or treaties of the United States," Congress has effectively waived sovereign immunity in all federal question cases. Mr. Liverman's argument is without merit. Obviously, acceptance of such an argument would necessarily eliminate the doctrine of sovereign immunity as a jurisdictional bar to suits against the United States. Moreover, this Court has specifically held that "[g]eneral jurisdictional statutes such as 28 U.S.C. §1331 do not waive the Government's sovereign immunity." Wyoming v. United States, 279 F.3d 1214, 1225 (10th Cir. 2002) (citing Lonsdale v. United States, 919 F.2d 1440, 1443-44 (10th Cir. 1990). AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge