Marianne B. GEEAR,
Plaintiff–Appellant,

v.

BOULDER COMMUNITY HOSPITAL,
Defendant–Appellee.

No. 85–2758.

United States Court of Appeals,
Tenth Circuit.

April 20, 1988.
Rehearing Denied May 26, 1988.

William E. Benjamin, Boulder, Colo., for plaintiff-appellant.

Melvin E. Sabey, (Deborah E. Smith with him on the brief), Saunders, Snyder, Ross & Dickson, Denver, Colo., for defendant-appellee.

Before LOGAN and ANDERSON, Circuit Judges, and CONWAY, District Judge.[*]

CONWAY, District Judge.

The issue presented on appeal is whether the lower court complied with the notice and hearing requirements of Fed.R.Civ.P. 56 when it granted summary judgment for the Defendant. On May 8, 1985, appellant Geear filed suit against Boulder Community Hospital alleging that its termination of her employment violated the Age Discrimination in Employment Act of 1967, 29 U.S. C. § 621. On September 13, 1985 the Hospital filed a motion for summary judgment to which the Plaintiff did not respond. On October 9, 1985 the Hospital requested an expedited ruling on its summary judgment motion. By order entered on October 11, 1985, more than twenty days after the motion for summary judgment was filed and served on opposing counsel, the court granted the Defendant's motion. The court expressly found that "if uncontradicted, the affidavits amply support the granting of the motion" and that the appellant had failed to contradict the Defendant's affidavits.

The district judge neither conducted an oral hearing nor gave the appellant individualized notice of the date he would decide the motion for summary judgment. Contending that summary judgment cannot be entered under such circumstances, counsel for Geear filed what was denominated as a motion for a new trial. Upon denial of the Plaintiff's motion, Geear filed this appeal.

The appellant contends that the district court's action violates the notice and hearing provisions of Fed.R.Civ.P. 56(c). The relevant portion of Rule 56 provides:

(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, deposi-

[*] The Honorable John E. Conway, United States District Judge for the District of New Mexico, sitting by designation.

tions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

We have previously held that a court must hold a hearing on a summary judgment motion. *Dolese v. United States*, 541 F.2d 853 (10th Cir.1976). Moreover, the hearing should not be held earlier than ten days after the motion is served on opposing counsel. *Id.* at 854–55; *see also Mustang Fuel Corp. v. Youngstown Sheet and Tube Co.*, 480 F.2d 607, 608 (10th Cir.1973). A formal evidentiary hearing with oral argument, however, is not necessarily required. *Nolan v. C. DeBaca*, 603 F.2d 810, 812 (10th Cir.1979), *cert. denied*, 446 U.S. 956, 100 S.Ct. 2927, 64 L.Ed.2d 814 (1980). Rather, the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court. *Id.* at 812.

The order of the lower court clearly reflects that the district judge examined the briefs and supporting materials to evaluate the merits of the motion for summary judgment. Nothing in the record suggests that the issues and evidence presented in this case could not be addressed adequately in the form of written briefs with accompanying affidavits, depositions and similar exhibits. Based upon its review of the submitted materials, the court found that entry of judgment was appropriate because there was no genuine issue of fact, and the Defendant was entitled to judgment as a matter of law. Thus, the court satisfied the "hearing" requirement of Rule 56.

Geear further contends that the lower court's action violated the notice requirement of Rule 56. Because courts often take several months to rule on summary judgment motions, Geear asserts that the non-movant need not respond to the motion until the court indicates that it will consider a motion for summary judgment on a certain date. According to Geear, the court should give express, written ten-day notice to the non-movant that briefs and material in opposition to the motion must be submitted to avoid summary judgment. This is the rule adopted in the Eleventh Circuit and the appellant urges that we adopt it here. See *Griffith v. Wainwright*, 772 F.2d 822, 825 (11th Cir.1985).

The appellee Hospital agrees that in the absence of a formal hearing on a motion for summary judgment, the adverse party must receive at least ten days advance notice that the matter will be taken under advisement as of a certain day. However, the Hospital relies upon Rule 402 of the Local Rules of Practice for the United States District Court for the District of Colorado for the provision of such notice. The Rule provides in part:

F. A motion under Rule 56, F.R.Civ.P. ... shall be supported by a brief filed with the motion. A brief opposing a motion under Rule 56, F.R.Civ.P. shall be filed on or before twenty (20) days after service of the motion or within such extended time as may be allowed by the court....

G. Oral argument will be at the court's discretion.

In the case of *Kibort v. Hampton*, 538 F.2d 90 (5th Cir.1976), the Fifth Circuit stated in dictum:

Procedures provided by local rule in some districts requiring motions for summary judgment to be accompanied by briefs and requiring opposing affidavits and briefs to be filed within a period of not less than ten days after which the court will consider the motion submitted for decision would appear to afford adequate hearing within the meaning of Rule 56.

*Kibort*, 538 F.2d at 91 note 1. Since *Kibort*, the Fifth Circuit has held that rules similar to the Colorado rule will fulfill the notice requirement of Fed.R.Civ.P. 56. *Hamman v. Southwestern Gas Pipeline, Inc.*, 721 F.2d 140, 142 (5th Cir.1983); *Howell v. Tanner*, 650 F.2d 610, 614 (5th Cir. 1981), *cert. denied*, 456 U.S. 918, 919, 102 S.Ct. 1775, 1777, 72 L.Ed.2d 178, 180 (1982). We agree with the Fifth Circuit's construction of Rule 56(c) and hold that a local rule which provides that responses to motions must be submitted within a certain time period of at least ten days fulfills the notice requirement of rule 56(c).

Colorado local rule 402(F) requires that a "brief" in opposition to a summary judgment shall be filed no later than twenty days after service of the motion. Although the rule might have been more precisely drafted, in context the rule sufficiently apprises one that the term "brief" encompasses any response by the opposing party to the summary judgment motion. Because subsection G of the rule indicates that oral argument on the motion is discretionary with the court, local rule 402, as a whole, provides adequate notice that the motion is considered ready for a determination on its merits as of twenty days after service of the motion. Having been so informed, it was incumbent upon the plaintiff to produce by that date evidence showing a genuine issue of fact for trial. The plaintiff received the notice and the hearing to which she was entitled.

Our ruling in the case of *D G Shelter Products Co. v. Forest Products Co.*, 769 F.2d 644 (10th Cir.1985), is not contrary to our decision today. The trial court in *D G Shelter* relied upon Local Rule 9(j)(2) of the Local Rules for the District of New Mexico when it granted summary judgment. However, the New Mexico court specifically entered summary judgment as a sanction for failure to respond and the court did not evaluate the merits of the motion. Although the harsh remedy of dismissal as a sanction for non-compliance with local rules can constitute an abuse of discretion, no such scenario is present here. Rather, Judge Kane based entry of judgment upon a review of the record as of a date the parties should have known the motion could be considered on its merits. Having received adequate notice that the motion was ready for ruling, the non-movant was not free to rest upon the allegations of her pleadings. As the plaintiff failed to produce evidence to support her allegations after sufficient notice of the need to do so, the entry of summary judgment was appropriate.

AFFIRMED.