968 F.2d 22
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Counter-Defendant-Appellee,
v.
W. Eldon RILEY and Marietta L. Riley,
Defendants-Counter-Claimants-Appellants.
 No. 91-3322.
 United States Court of Appeals, Tenth Circuit.
 June 25, 1992.
 
 Before JOHN P. MOORE, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Defendants appeal the district court's decision granting Plaintiff's motion for summary judgment and denying Defendants' motions for summary judgment or dismissal of the action. On June 25, 1976, Defendants executed a promissory note in favor of Plaintiff. As a result, Defendants received a loan of $46,000 from Plaintiff and, in exchange, agreed to repay that amount, with interest, in eight annual installments, beginning January 1, 1977. To secure the loan, Defendants also executed a security agreement giving Plaintiff a secured interest in specific chattel property owned by Defendants.
 
 
 3
 Defendants defaulted on the loan payments. Pursuant to the agreed upon terms of the promissory note, Plaintiff declared the entire debt due and owing. Because Defendants failed to satisfy this obligation, Plaintiff commenced this action, seeking a judgment against Defendants in the amount of the balance owed on the debt, $24,890.67, plus accrued interest, and foreclosure of Plaintiff's secured interest in Defendants' property. In response, Defendants asserted a counterclaim against Plaintiff, seeking $65,000 in special damages and $25,000 in punitive damages.
 
 
 4
 Plaintiff moved for entry of summary judgment and dismissal of the counterclaim. Defendants also filed a number of motions, including their own motion for summary judgment and a motion for dismissal of the foreclosure action. The district court granted Plaintiff's summary judgment motion, dismissed the counterclaim, and denied all of Defendants' pending motions. Defendants appeal.
 
 
 5
 This court will review a district court's summary judgment decision de novo, viewing the record in the light most favorable to the nonmoving party. Deepwater Invs., Ltd. v. Jackson Hole Ski Corp., 938 F.2d 1105, 1110 (10th Cir.1991). Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).
 
 
 6
 On appeal, as before the district court, Defendants assert a number of arguments, including challenges to the validity of the promissory note because the note was one-sided in Plaintiff's favor, the note required payment of interest, and the note failed to specify the medium of exchange with which the debt was to be repaid. On appeal, Defendants also argue that the district court, in granting summary judgment, was laboring under a conflict of interest and that the district court erred in failing to conduct a hearing on the summary judgment motions.
 
 
 7
 Upon careful review of the record and the parties' arguments, we are not persuaded that the trial court erred. Rather, we agree with the district court that the promissory note was valid and that Plaintiff was entitled to judgment as a matter of law. Further, we can find no error in the district court's consideration of the summary judgment motions. See Geear v. Boulder Community Hosp., 844 F.2d 764, 766 (10th Cir.) (parties' right to be heard under Rule 56 fulfilled by trial court's review of the briefs and supporting materials submitted to court), cert. denied, 488 U.S. 927 (1988).
 
 
 8
 The judgment of the United States District Court for the District of Kansas is AFFIRMED.
 
 
 9
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3