1 F.3d 1249
 2 A.D. Cases 1136
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Donald L. NICELY, Plaintiff-Appellant,
v.
Donald B. RICE, Secretary of the Department of the Air
Force, Defendant-Appellee.
 No. 92-3451.
 United States Court of Appeals, Tenth Circuit.
 July 28, 1993.
 
 Before TACHA, BALDOCK, and KELLY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Plaintiff, appearing pro se, appeals the district court's order granting Defendant's motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.
 
 
 2
 Plaintiff filed this action alleging employment discrimination based on physical handicap, in violation of Sec. 501 of the Rehabilitation Act of 1973, 29 U.S.C. Sec. 791.[1] Plaintiff claims that in November 1988, Defendant refused to hire him for two different open positions due to Plaintiff's impairment in his right arm. Defendant filed a motion to dismiss or in the alternative for summary judgment. The district court, construing the motion as one for summary judgment, allowed the parties to orally argue the motion and received affidavits and depositions. Concluding that Plaintiff failed to establish a prima facie case of handicap discrimination, the court granted Defendant's motion for summary judgment. On appeal, Plaintiff claims that the district court erred by: (1) failing to address his claims that Defendant discriminated against him at times other than in November 1988, (2) accepting Defendant's proffered reason for not hiring Plaintiff, and (3) failing to allow Plaintiff sufficient time to present his case at the oral hearing on Defendant's motion for summary judgment.[2]
 
 
 3
 We review a district court's order granting summary judgment de novo. Osgood v. State Farm Mut. Auto. Ins. Co., 848 F.2d 141, 143 (10th Cir.1988). Summary judgment is appropriate if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Matsushita Elec. Indust. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted).
 
 
 4
 The district court properly refused to consider Plaintiff's claim that Defendant discriminated against him at times other than in November 1988, because Plaintiff's cause of action was based only on the November 1988 incidents. Plaintiff's complaint alleged only that Defendant discriminated against him by failing to select him for employment "on or about November 25, 1988," and at no time did Plaintiff seek to amend his complaint to include other incidents of discrimination. Moreover, Plaintiff's response to Defendant's motion for summary judgment addressed only the alleged November 1988 discriminatory incidents, and the gravamen of the evidence presented and the written and oral arguments before the court concerned the incidents in November 1988.
 
 
 5
 Plaintiff next claims that the court erred by accepting Defendant's proffered reason for not hiring Plaintiff. Defendant presented two nondiscriminatory reasons for not selecting Plaintiff for two positions that became available in November 1988. As to the position sought on November 15, 1988, Defendant presented evidence that a computer error led to Plaintiff's name being left off the list of available employees. With regard to Plaintiff's nonselection for a position on November 21, 1988, Defendant demonstrated that the position was withdrawn due to funding problems.
 
 
 6
 In a employment discrimination case under the Rehabilitation Act of 1973, the plaintiff must first establish a prima facia case by showing that he was an otherwise qualified person apart from his handicap, and was rejected under circumstances giving rise to the inference that his rejection was based solely on his handicap. Pushkin v. Regents of Univ. of Colorado, 658 F.2d 1372, 1387 (1981). Once plaintiff establishes his prima facie case, the burden shifts to the Defendant to produce evidence that plaintiff's rejection was for reasons other than his handicap. Id. The plaintiff then has the burden of producing rebuttal evidence that the defendant's reasons for rejecting the plaintiff encompass unjustified consideration of the handicap itself--i.e., that the defendant's reasons are pretextual. Id. The ultimate burden of proof rests with the plaintiff. Id.
 
 
 7
 Plaintiff presented no evidence that Defendant's articulated reasons were pretextual. With respect to Defendant's first reason, Plaintiff offered unsubstantiated allegations that the computer problem "must be a lie." As to Defendant's second proffered reason, Plaintiff offers evidence that three others were hired for different positions on November 15, 1988. That funding was available for those positions, however, in no way rebuts Defendant's evidence that funding for the November 21, 1988 position was withdrawn. Because Plaintiff failed to produce any evidence that Defendant's reasons for not selecting Plaintiff for employment were pretextual, summary judgment was appropriate.
 
 
 8
 Finally, Plaintiff's asserts that the district court did not give him sufficient time to present his case at the oral hearing on Defendant's motion for summary judgment. We disagree. Fed.R.Civ.P. 56 does not expressly require that the district court hold a formal hearing or receive oral testimony on a motion for summary judgment. Rather, "the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." Geear v. Boulder Community Hosp., 844 F.2d 764, 766 (10th Cir.), cert. denied, 488 U.S. 927 (1988). The court's decision to terminate oral testimony and take the matter under advisement on the written submissions did not deprive Plaintiff of the opportunity to present his case. Our review of the record convinces us that the court gave Plaintiff ample opportunity to present his arguments and submit additional evidence. Therefore, Plaintiff's right to be heard was not abridged.
 
 
 9
 AFFIRMED.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case therefore is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Although Plaintiff's complaint refers to 42 U.S.C. Sec. 2000e, the district court construed the action as having been properly brought under the Rehabilitation Act
 
 
 [2]
 Plaintiff also claims that Defendant falsely represented factual issues to the district court concerning: (1) the number of EEOC complaints filed by Plaintiff, (2) when these various complaints were filed, (3) the identity of the supervisor that hired and fired him, and (4) whether Plaintiff was working at the time of his initial complaint. All of these issues are irrelevant to the court's determination that Plaintiff failed to establish a prima facia case of discrimination; therefore, we will not address them. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (factual disputes about immaterial matters irrelevant to summary judgment determination)