**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

SECURITIES AND EXCHANGE
COMMISSION,

     Plaintiff-Appellee,

 v.

ALLEN Z. WOLFSON,

     Defendant-Appellant,

   and

MERVYN A. PHELAN, SR.; DAVID
WOLFSON; ROBERT H. POZNER;
MERVYN A. PHELAN, JR.; CRAIG
H. BROWN; JOHN W.
CRUICKSHANK, JR.; FENG SHUI
CONSULTANTS, formerly known as
World Alliance Consulting; A-Z
PROFESSIONAL CONSULTANTS
RETIREMENT TRUST; AZW
IRREVOCABLE TRUST; SALOMON
GREY FINANCIAL; ANGELO
PAUL KOUPAS; KYLE ROWE;
CHRISTOPHER ROUNDTREE,

     Defendants.

No. 06-4130
(D.C. No. 2:02-CV-1086)
(D. Utah)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is

(continued...)

Before **TACHA**, Chief Judge, **KELLY** and **O'BRIEN,** Circuit Judges.

Allen Z. Wolfson appeals from the district court's order granting summary judgment to the Securities and Exchange Commission (SEC) in this civil enforcement action. Although SEC's counsel entered an appearance, the SEC did not file a responsive brief in this appeal. Mr. Wolfson has requested that default be entered against the SEC for failure to respond. We deny his motion for entry of default and affirm the district court's grant of summary judgment.

## FACTS

The summary judgment evidence presents the following material facts. Mr. Wolfson, working with certain other defendants named in the SEC's complaint, played a key role in a fraudulent scheme designed to artificially inflate the stock price of a corporation known as Freedom Surf, Inc. Over the course of several months, Mr. Wolfson attempted to create the false appearance of market demand for the stock by using nominees under his control to call in ever-higher bid and ask prices for the stock. In fact, the demand for the stock was generated by trading from accounts controlled by Mr. Wolfson. After the price had been artificially inflated by these spurious trades, Mr. Wolfson delivered 25,000 shares

---

[*](...continued)
not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to defendant Salomon Grey Financial Corporation, at a discount of 50% from the current bid price. Salomon Grey then marked up the price of the shares and sold them to investors before the share price crashed.

In a criminal action in the Southern District of New York, Mr. Wolfson pleaded guilty to criminal charges arising from this fraudulent scheme. He admitted under oath in his criminal proceedings that he agreed to take steps to inflate the price of Freedom Surf stock. According to his sworn statement in allocution, he agreed to raise the price of the stock in order to defraud investors and in order to enrich himself as well as others.

The SEC brought this civil enforcement action against Mr. Wolfson and the other defendants who allegedly engaged in the price manipulation of Freedom Surf stock. It charged that Mr. Wolfson had violated Section 17(a) of the Securities Act of 1933, 15 U.S.C. § 77q(a); Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b); and Rule 10b-5 thereunder, 17 C.FR. § 240.10b-5. After granting summary judgment for the SEC against Mr. Wolfson, the district court entered a final judgment (1) enjoining Mr. Wolfson from violating the securities laws and (2) ordering disgorgement of wrongful profits and payment of interest and penalties.

## ANALYSIS

### 1. Standard of Review

When reviewing the district court's summary judgment order, we view the evidence in the light most favorable to the non-moving party. *Herrera v. Lufkin Indus., Inc.*, 474 F.3d 675, 680 (10th Cir. 2007). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(c)).

### 2. Due Process

On appeal, Mr. Wolfson first contends that the district court denied him due process by "just skipping the trial and adjudicating [him] guilty." Aplt. Br. at 2. He claims that the district court scheduled a trial but issued a final judgment "[w]ithout a hearing or notice." *Id.* The record does not bear out Mr. Wolfson's contentions.

Mr. Wolfson had ample notice, notwithstanding the scheduling of a trial date, that the district court was considering the SEC's motion for summary judgment. SEC filed its motion for summary judgment on February 15, 2006. Contemporaneously with the filing of this motion, it mailed a notice to the pro se defendants, including Mr. Wolfson, informing them that it had "asked the Court to decide this case *without a trial*, based on written materials[.]" R., Vol. IV,

-4-

doc. 152, at 1 (emphasis added).  On February 27, 2006, Mr. Wolfson requested an extension of time in which to respond to the motion for summary judgment. On March 6, he filed an answer to SEC's complaint and three affidavits with the district court.

On March 9, the district court granted Mr. Wolfson the requested extension and ordered him to file a response, if any, to SEC's motion for summary judgment on or before April 28.  Four days later, he filed his "Affidavit in Support of Trial by Jury and Statement of Facts Which [sic] Genuine Issues Exist." *Id.*, doc. 181. On April 13, 2006, the district court held a telephone status conference in which Mr. Wolfson participated.  The minute entry for this conference indicates that the district court informed the participants that the pending motion for summary judgment would be decided on the briefs and that it anticipated a ruling in about three weeks.  On May 5, 2006, the district court entered its memorandum decision granting the SEC's motion for summary judgment.

In sum, Mr. Wolfson had notice and adequate opportunity to submit evidence in opposition to the SEC's motion for summary judgment.  The district court was not required to hold a trial merely because it scheduled a trial date. Judicial efficiency is served when a district court schedules a trial but also entertains dispositive motions that may obviate the need for trial.  Finally, a trial-type hearing on a summary judgment motion is not required.  *See Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988) (stating that in

consideration of summary judgment motion "the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court.").

Mr. Wolfson also contends that he had a Fifth Amendment right to a jury trial. The right to a jury trial in federal court in a civil case actually is governed by the Seventh Amendment, which states that "[i]n Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved[.]" But it is well settled that summary judgment, properly entered in accordance with the federal rules, does not violate the Seventh Amendment. *See Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) ("The Seventh Amendment is not violated by proper entry of summary judgment because such a ruling means that no triable issue exists to be submitted to a jury."). Mr. Wolfson has failed to show that summary judgment was inappropriately granted and his constitutional argument therefore fails.

### 3. Merits of Summary Judgment Order

Mr. Wolfson also makes several arguments on the merits concerning the entry of summary judgment against him. He first argues that summary judgment was inappropriate because he filed a motion in the New York federal criminal proceeding seeking to withdraw his guilty plea. He further contends that the plea should have been set aside because his criminal attorney gave him "bad advice" and was under a conflict of interest. Aplt. Br. at 3. Mr. Wolfson does not assert

-6-

that he was actually permitted to withdraw his plea. He fails to demonstrate that the district court in this action improperly relied on his conviction and admissions in the prior criminal proceeding. Moreover, to the extent he complains that his attorney *in this action* provided him with inadequate representation, "[t]he general rule in civil cases is that the ineffective assistance of counsel is not a basis for appeal or retrial." *Nelson v. Boeing Co.*, 446 F.3d 1118, 1119 (10th Cir. 2006).

Mr. Wolfson further argues that the only fraud committed in this case involved false statements made by the former president of Freedom Surf concerning the value of that company and its stock. He fails to dispute the evidence that he personally manipulated the value of the stock to produce an inflated price through bogus sales. During allocution in the prior criminal proceeding, Mr. Wolfson admitted that he took these actions knowingly with the intent to defraud investors. R., Vol. V, doc. 156, tab "B," at 20. The fact that there may have been other fraud committed in connection with the scheme is irrelevant to Mr. Wolfson's own guilt.

Mr. Wolfson also argues that the disgorgement and penalties he was ordered to pay duplicated the $76,000 already paid by his son and another $76,000 already paid by John Chapman. He contends, without any citation to the record, that the total loss to investors was only $76,000. The evidence submitted by the SEC showed that the actual losses to investors resulting from the Freedom

Surf scheme were considerably in excess of $250,000. His argument therefore lacks merit.

Mr. Wolfson contends that he should have received a jury trial because the SEC's witnesses lacked credibility and their lack of credibility would have been apparent to a jury. His argument is entirely conclusory. He fails to identify who these witnesses were and what relevance their testimony had to the summary judgment determination or would have had at trial. Moreover, the most damning testimony in this case came from Mr. Wolfson himself, during his allocution in the criminal proceeding.

Finally, Mr. Wolfson argues that the district court should have made specific findings concerning disputed and undisputed issues of fact, particularly concerning the amounts he was ordered to pay. In its summary judgment order, the district court made specific and adequate findings concerning the factual basis for the amount of disgorgement, penalties and interest. *See* R., Vol. VII, doc. 231, at 14-16. Mr. Wolfson's argument therefore lacks merit.

### 4. Motion for Default Judgment

As noted, the SEC has not filed a brief in this appeal. Mr. Wolfson contends that "default" should be entered against the SEC pursuant to Fed. R. Civ. P. 55(a). The pertinent rule is not Rule 55, but Fed. R. App. P. 31(c). Rule 31(c) provides that "[a]n appellee who fails to file a brief will not be heard at oral

argument unless the court grants permission." There was no oral argument in this case. Mr. Wolfson's motion is therefore denied.

The judgment of the district court is AFFIRMED. Mr. Wolfson's "Request to Enter Default and Certification" is denied. His motion to proceed in forma pauperis is granted.

Entered for the Court


Deanell R. Tacha
Chief Circuit Judge