**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 14, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

JAMES JOHNSON,

Plaintiff-Appellant,

v.

SEDGWICK COUNTY SHERIFF'S
DEPARTMENT; SEDGWICK
COUNTY BOARD OF COUNTY
COMMISSIONERS; GARY STEED,
Sheriff,

Defendants-Appellees.

No. 11-3204
(D.C. No. 2:08-CV-02614-WEB)
(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

James Johnson, appearing pro se, appeals from the district court's entry of

summary judgment against him on his claims of race and disability

discrimination. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. BACKGROUND

Mr. Johnson worked for the Sedgwick County Sheriff's Department in Wichita, Kansas, from 1998 until 2007, when he was fired from his position as a detention deputy for repeatedly sleeping on the job. He filed a pro se complaint for damages in the United States District Court for the District of Kansas, raising claims under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act (ADA). He alleged that the Department fired him because he is black and has attention-deficit hyperactivity disorder (ADHD), and that other employees who were not black or disabled slept on the job but were not fired. He alleged that his ADHD caused him to "become distracted, bored, and drowsy in the midst of boring, repetitive tasks," and that he asked several times "to work in the Lobby." R., Vol. 1 at 10-11, ¶¶ 11-12. He requested that his trial be heard in Kansas City, Kansas.

The Department moved to transfer venue from Kansas City to Wichita under 28 U.S.C. § 1404(c). Mr. Johnson did not file any response, and a magistrate judge granted the motion, finding that Mr. Johnson's choice of Kansas City merited little weight because he did not reside there. The magistrate judge further found that the parties, all witnesses, and all sources of proof were located in Wichita; that traveling three hours one way to Kansas City would be a substantial inconvenience to witnesses; and that there were no obstacles to a fair trial in Wichita. The district judge denied Mr. Johnson's motion to reconsider the

transfer, concluding that the magistrate judge's reasoning was valid and rejecting as speculative Mr. Johnson's contention that he could not get a fair trial in Wichita.

Mr. Johnson thereafter filed an amended complaint, adding the Board of County Commissioners of Sedgwick County and Sheriff Gary Steed as defendants. Mr. Johnson also added a few new allegations, including that Sheriff Steed made the decision to terminate his employment and that the Department failed to accommodate his ADHD by assigning him suitable duties and work hours.

Defendants Steed and the Board of County Commissioners (Defendants)[1] filed a motion for summary judgment, a supporting brief, and numerous exhibits. Mr. Johnson filed a response and supporting exhibits. In granting the motion, the district court found that Mr. Johnson had failed to address any of Defendants' factual assertions, *see* Fed. R. Civ. P. 56(e), and had not provided any citations to the record in his brief; and it characterized his "collection" of exhibits as "unexplained." R., Vol. 2 at 260. It therefore deemed all of Defendants' facts uncontroverted.

---

[1] The district court ultimately dismissed the claims against the Sedgwick County Sheriff's Department because it is not an entity that can be sued in Kansas. On appeal Mr. Johnson has not taken issue with this dismissal.

Proceeding on that basis, the district court first analyzed Mr. Johnson's ADA claim. An ADA claimant "must show that he (1) was disabled; (2) was qualified, that is, could perform the essential functions of the job in question, with or without accommodation; and (3) suffered adverse employment action because of the disability." *Mathews v. The Denver Post*, 263 F.3d 1164, 1167 (10th Cir. 2001). The court determined that there was no evidence that Mr. Johnson's ADHD qualified as a disability under the ADA, as he had simply alleged that he had the condition but provided no evidence that it substantially limited a major life activity.

Alternatively, the court concluded that even if Mr. Johnson's ADHD qualified as a disability under the ADA and that his propensity to fall asleep was a symptom of his ADHD, he had failed to provide any evidence that a reasonable accommodation would have enabled him to perform the essential functions of a detention deputy, which, among other things, requires visual monitoring of inmates and hence the ability to stay awake. The court rejected Mr. Johnson's argument that rather than monitoring inmate pods, he could have been assigned to a light-duty position in the jail lobby. The lobby position is one of many duty assignments that detention deputies must be able to perform on a rotating basis, and the position is sometimes used when a deputy needs a temporary light-duty assignment. Defendants provided evidence that creating a permanent lobby position would interfere with its use as a temporary assignment, and that rotating

-4-

deputies through a number of positions avoids a variety of problems. The court noted that a temporary lobby assignment might have been feasible, but creating a new, permanent lobby position was unwarranted because the ADA does not require an employer "'to accommodate a disabled worker by modifying or eliminating an essential function of the job.'" R., Vol. 2 at 269 (quoting *Mathews*, 263 F.3d at 1168-69).

Turning to the racial-discrimination claim, the district court first noted Mr. Johnson's wholesale failure to provide any admissible evidence, such as affidavits or other sworn testimony, in support of the contentions in his response brief that he was treated differently from other deputies who slept on the job. In particular, it concluded that there was no evidence of disparate treatment. The undisputed facts showed that Mr. Johnson was found sleeping on the job three times in 2007, and had two suspensions and one counseling in 2006 for three additional incidents of sleeping on the job. On each occasion in 2007 he denied having been asleep. At the time of his termination Mr. Johnson was in the "reckoning period" for five separate disciplinary violations, a period in which he was expected to remain offense-free. Any of the three sleeping violations in 2007 would have been his fourth offense during the reckoning period, and department policy allowed for dismissal after a third violation in a reckoning period. Defendants' records showed that between 2001 and 2010, thirty detention deputies had been disciplined for sleeping. None had been terminated, but none

had more than three reported incidents.  Moreover, Mr. Johnson had received a "marginal" performance rating in 2007 and was on a 90-day probation period at the time of his firing.  The court concluded that he had failed to meet his burden to show that Defendants' reason for firing him was a pretext for racial discrimination.  *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973).

Because it granted summary judgment to Defendants, the district court denied as moot Mr. Johnson's request for a jury trial.  This appeal followed.

## II.   DISCUSSION

"We review the district court's grant of summary judgment de novo, applying the same standards that the district court should have applied."  *EEOC v. C.R. England, Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011) (brackets and internal quotation marks omitted).  A "grant of summary judgment must be affirmed 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Id.* (quoting Fed. R. Civ. P. 56(a)).  "[W]e consider the evidence in the light most favorable to the non-moving party," but "unsupported conclusory allegations do not create a genuine issue of fact."  *Id.* (brackets and internal quotation marks omitted).  Because Mr. Johnson is pro se, his filings are entitled to a liberal construction, but we do not act as his advocate.  *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

For Mr. Johnson's ADHD to have been a disability under the ADA, it must have "substantially limit[ed] one or more of [his] major life activities." *Kellogg v. Energy Safety Servs. Inc.*, 544 F.3d 1121, 1124 (10th Cir. 2008) (internal quotation marks omitted).[2] But as the district court properly concluded, Mr. Johnson provided no evidence that it substantially limited a major life activity. The report diagnosing him with ADHD, which he submitted with his summary-judgment response, did not describe any such substantial limitation. *See Wilkerson v. Shinseki*, 606 F.3d 1256, 1262 (10th Cir. 2010) ("A medical diagnosis is insufficient, rather, the ADA requires plaintiffs to offer evidence that the extent of the limitation caused by their impairment in terms of their own experience is substantial." (internal quotation marks omitted)). Accordingly, summary judgment on Mr. Johnson's ADA claim was appropriate. We need not address the accommodation issue.

As for Mr. Johnson's racial-discrimination claim, he failed to present admissible evidence from which a reasonable juror could find that he was fired on account of his race. His allegations—including that Sheriff Steed once said that

---

[2]     Although this definition has changed with the ADA Amendments Act of 2008 (ADAAA), we apply the prior definition and interpretive case law because Mr. Johnson's ADA claim arose before the ADAAA's effective date (January 1, 2009). *See Johnson v. Weld*, 594 F.3d 1202, 1217 n.7 (10th Cir. 2010); *Hennagir v. Utah Dep't of Corrs.*, 587 F.3d 1255, 1261 n.2 (10th Cir. 2009).

he would "put a purple dress" on Mr. Johnson, *see* R., Vol. 2 at 137 (internal quotation marks omitted), and that a supervising lieutenant said that he did not like Mr. Johnson and would do "whatever he could" to see that Mr. Johnson was fired, *id.* at 129—do not suggest a racial motive for Defendants' employment decision. Therefore, the district court properly granted summary judgment to Defendants on the Title VII claim.

Apart from the merits, Mr. Johnson complains on appeal that the intradistrict transfer under 28 U.S.C. § 1404(c), from Kansas City to Wichita, was improper.[3] We review a transfer decision for a "clear abuse of discretion." *Tex. Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967). The district court's reasons were sound. There was no abuse of discretion.

Mr. Johnson also contends that the district court deprived him of a hearing on the summary-judgment motion. But the court was not required to hold a hearing before ruling on the motion. *See Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988) ("[T]he parties' right to be heard may be fulfilled by the [district] court's review of the briefs and supporting affidavits and materials submitted to the court.").

---

[3]     The State of Kansas has only one federal district, which has only one division. Section 1404(c) provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending."

Finally, Mr. Johnson complains that he was denied a jury trial. It is well established, however, that "[t]he Seventh Amendment [right to a jury trial in civil cases] is not violated by proper entry of summary judgment, because such a ruling means that no triable issue exists to be submitted to a jury." *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001).

The judgment of the district court is AFFIRMED.

Entered for the Court


Harris L Hartz
Circuit Judge