FILED
United States Court of Appeals
Tenth Circuit

December 2, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

MARIO ANTON LEE,

    Plaintiff - Appellant,

v.

BENUELOS, Lieutenant; BERRY,
Lieutenant; M. EBENHART, Officer;
ERPS, Officer; HUDDLESTON, Nurse
(EMT); LENGREN, Nurse; LEE, Officer;
LITVAN, Lieutenant; MARTINEZ,
Lieutenant; MOHLER, Officer; ROY,
Officer; SHORT, Officer; THOMPSON,
P.A.; J. WISEMAN, Officer;
McDERMOTT, Medical Director, all in
their individual and official capacities,

    Defendants - Appellees.

No. 14-1249
(D.C. No. 1:13-CV-01895-CMA-MJW)
(D. Colorado)

ORDER AND JUDGMENT[*]

Before **GORSUCH**, **MURPHY** and **McHUGH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

Mario Anton Lee, a federal prisoner proceeding pro se, appeals the district court's orders dismissing his complaint on the basis that he failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

## I.  BACKGROUND

Mr. Lee is currently incarcerated in a federal correctional institution located in Florence, Colorado (FCI Florence). He filed suit in the United States District Court for the District of Colorado pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), alleging that from February 8 through February 9, 2013, various prison officials (collectively, Defendants) violated his Eighth Amendment rights when they assaulted him, restrained him, and failed to treat his resulting injuries. Before filing suit in federal court, Mr. Lee attempted to obtain administrative review of his claims against Defendants through the Bureau of Prison's (BOP) internal grievance process. To put our analysis in context, we briefly describe the prison's internal grievance process before delving into Mr. Lee's efforts to exhaust those administrative remedies.

The BOP employs a four-step process to address inmate claims. The first step is an informal grievance resolution process. 28 C.F.R. § 542.13(a). If the attempt at informal resolution is unsuccessful, an inmate must next file with the warden of the institution a

formal "Administrative Remedy Request" within twenty days from the date on which the basis for the complaint occurred. *Id.* § 542.14(a). An inmate dissatisfied with the institution's response to the Administrative Remedy Request must appeal that decision to the appropriate regional director within twenty days. *Id.* § 542.15(a). Finally, if dissatisfied with the regional director's response, the inmate must submit a second appeal to the BOP's general counsel (i.e., the Central Office) within thirty days. *Id.* The appeal to the Central Office is the final level of administrative appeal available to an inmate. *See id.*

With respect to each of the administrative deadlines, the regulations give prison officials the discretion to excuse an untimely filing "where the inmate demonstrates a valid reason for delay." *Id.* §§ 542.14(b), 542.15(b). "Valid reasons for delay include . . . an unusually long period taken for informal resolution attempts." *Id.* § 542.14(b). The BOP encourages officials to be "flexible" when deciding whether to reject a submission as untimely, "keeping in mind that major purposes of [the grievance process] are to solve problems and be responsive to issues inmates raise." *Patel v. Fleming*, 415 F.3d 1105, 1110 & n.6 (10th Cir. 2005) (quoting BOP Program Statement 1330.13(11)(b)(3) (2002)). Therefore, the BOP advises that "consideration should be given to accepting a [r]equest or [a]ppeal that raises a sensitive or problematic issue, such as medical treatment . . . [or] staff misconduct, even though the submission may be somewhat untimely." *Id.* at 1110 n.6 (quoting BOP Program Statement 1330.13(11)(b)(3)). Where an inmate appeals a rejection of a request on the basis that it is untimely, prison officials

"may affirm the rejection, may direct that the submission be accepted at the lower level (either upon the inmate's resubmission or direct return to the lower level), or may accept the submission for filing." BOP Program Statement 1330.13(11)(c).

Pursuant to the four-step process, Mr. Lee attempted to exhaust his administrative remedies with respect to the alleged assault by filing two internal administrative remedy requests. First, in claim number 729465, Mr. Lee alleged that from February 8 through 9, 2013, prison staff assaulted him, unlawfully restrained him, and failed to provide him necessary medical care. In a related claim (number 730994), Mr. Lee requested that prison staff retain video footage depicting his cell on the date of February 8, 2013. Because staff was unavailable to immediately assist Mr. Lee with the informal grievance process on either claim, Mr. Lee was unable to submit his formal Administrative Remedy Requests (the Requests) until after the twenty-day deadline had expired. Accordingly, FCI Florence rejected both Requests as untimely.[1] Mr. Lee appealed these decisions to the regional director, who concurred with the institution's reasons for rejection and stated the Requests were untimely. Mr. Lee also appealed these decisions to the Central Office, which agreed with FCI Florence that the Requests were untimely. However, consistent

---

[1] FCI Florence also rejected the Request for claim number 729465 because it was not submitted through a counselor and was improperly submitted through institutional mail. In addition, although FCI Florence rejected the Request for claim number 730994 as untimely because "the alleged issue took place in January 2013, well over 20 days ago," ROA Vol. I 530, careful review of the record indicates Mr. Lee sought video footage of the February 2013 incident. This discrepancy does not affect our analysis because Mr. Lee's Request was untimely using either a January or the February date.

with the regulations and program statement, which allow prison officials in some cases to excuse untimely filings, the Central Office directed Mr. Lee to provide staff verification to explain the reasons for his untimely filing.

Mr. Lee complied with this direction and obtained from prison staff memoranda explaining that his Requests were untimely due to staff unavailability. The memoranda asked prison officials to "accept his [Requests] without penalty of an untimely filing." Mr. Lee then resubmitted his Requests, along with the staff memoranda, to the Central Office. The Central Office again rejected Mr. Lee's Requests, this time not because they were untimely, but because they were submitted at the wrong administrative level. It advised Mr. Lee to resubmit the Requests along with the staff memoranda directly to FCI Florence.

Rather than resubmit the Requests to the institution as directed, Mr. Lee initiated the instant suit. The district court referred the case to a magistrate judge for initial proceedings and Defendants moved for summary judgment, asserting Mr. Lee had failed to exhaust his administrative remedies. Without conducting a hearing, the magistrate judge recommended that Defendants' motion for summary judgment be granted and the case be dismissed. It determined Mr. Lee did not exhaust his administrative remedies prior to filing suit because he failed to refile his Requests at the institutional level as directed. The district court adopted the magistrate judge's report and recommendation over Mr. Lee's objections and dismissed the case without prejudice. Mr. Lee appeals, asserting the district court improperly dismissed his complaint, without first conducting a

hearing, based on his failure to exhaust. He also claims that rather than dismiss, the court should have stayed proceedings for ninety days pending exhaustion.

## II.    DISCUSSION

### A.  Standard of Review

We review the district court's decision to grant Defendants summary judgment on the basis of Mr. Lee's failure to exhaust his administrative remedies de novo. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1138 (10th Cir. 2005) (reviewing de novo a district court's finding that plaintiff failed to exhaust); *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) ("We review a district court's decision granting summary judgment *de novo*, resolving all factual disputes and drawing all reasonable inferences in favor of the non-moving party.").

### B.  Exhaustion of Administrative Remedies

Pursuant to § 1997e(a) of the PLRA, "No action shall be brought with respect to prison conditions under . . . any . . . Federal law . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *accord Porter v. Nussle*, 534 U.S. 516, 524 (2002) (holding that under § 1997e(a), federal prisoners suing under *Bivens* must first exhaust inmate grievance procedures). This provision requires "proper exhaustion," that is, full compliance with the prison's grievance procedure. *See Woodford v. Ngo*, 548 U.S. 81, 90, 93 (2006). Accordingly, "[a]n inmate who begins the grievance process but does not complete it is barred from pursuing a . . . claim under [the] PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030,

-6-

1032 (10th Cir. 2002). But although exhaustion is a prerequisite to filing suit in federal court, inmates are only required to exhaust available administrative remedies. "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010).

On appeal, the government maintains the district court correctly dismissed Mr. Lee's complaint because he failed to exhaust his administrative remedies. It argues that at the time Mr. Lee filed suit in federal court, he had not refiled the Requests with FCI Florence as directed. Mr. Lee challenges the court's decision, asserting he should be excused from the exhaustion requirement because prison officials rendered the administrative remedies unavailable to him by ignoring or interfering with his attempts to exhaust. He also claims the district court should have held an evidentiary hearing before granting Defendants' summary judgment motion.

We agree with the government that Mr. Lee did not exhaust his administrative remedies prior to filing suit because it is undisputed that at the time he filed his complaint in federal court, he had not refiled his Requests with the institution as directed. We also reject Mr. Lee's argument that prison officials rendered his administrative remedies unavailable. Mr. Lee has pointed to nothing in the record to support his claim that prison officials prevented, thwarted, or hindered his efforts to pursue his claims through the administrative process. To the contrary, rather than ignore or interfere with his attempts to exhaust, the record reveals prison officials at the Central Office were willing to excuse

the untimeliness of the initial Requests on the basis of the memoranda in support of leniency provided by prison staff. The Central Office then clearly instructed Mr. Lee to refile his Requests at the institutional level. Mr. Lee does not assert he was prevented from resubmitting his Requests to FCI Florence or explain how this requirement impeded or obstructed his access to the administrative remedy process.[2] *See* BOP Program Statement 1330.13(11)(c) (giving the Central Office the discretion to "direct that the submission be accepted at the lower level (either *upon the inmate's resubmission or direct return* to the lower level)." (emphasis added)).

In addition, Mr. Lee was not entitled to an evidentiary hearing before the district court ruled on Defendants' summary judgment motion. Review of the order clearly reflects that the magistrate judge examined the parties' briefs and supporting materials to evaluate the merits of Defendants' motion. Nothing in the record suggests the judge could not adequately address the issues and evidence presented in this case by review of these written submissions. *See Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir.

---

[2] Mr. Lee has presented documentation on appeal indicating that after the district court dismissed his case without prejudice, he refiled his Request for claim number 729465 with FCI Florence as directed by the Central Office. *See Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1139 (10th Cir. 2005) ("[F]ailure to exhaust administrative remedies is often a temporary, curable, procedural flaw. If the time permitted for pursuing administrative remedies has not expired, a prisoner who brings suit without having exhausted these remedies can cure the defect simply by exhausting them and then reinstituting his suit (in the event the administrative claim fails to afford him the desired relief.")). Before Mr. Lee can file suit in court, he must complete the administrative process with respect to that refiled Request. Only then will he know whether the administrative process has failed to afford him the relief he seeks.

1988) (holding that any hearing requirement for summary judgment motions is satisfied by court's review of documents submitted by parties). Therefore, the district court properly dismissed Mr. Lee's complaint without first conducting an evidentiary hearing because it is undisputed that at the time he filed suit, Mr. Lee had not exhausted his administrative remedies.

### C. Stay of Proceedings Pending Exhaustion

Mr. Lee also asserts that rather than granting Defendants' motion for summary judgment, the court should have stayed the proceeding for ninety days so he could properly exhaust his administrative remedies.

Mr. Lee is correct that under the pre-PLRA version of § 1997e, courts were directed to stay actions not administratively exhausted "'if the court believed that such a requirement would be appropriate and in the interests of justice.'" *Garrett v. Hawk*, 127 F.3d 1263, 1265 (10th Cir. 1997) (brackets omitted) (quoting 42 U.S.C. § 1997e(a)(1) (1994)), *abrogated on other grounds by Booth v. Churner*, 532 U.S. 731 (2001). However, under the current version of the statute, which we are bound to apply, "[n]o action shall be brought . . . until such administrative remedies as are available are exhausted." *Id.* (quoting 42 U.S.C. § 1997e(a) (1997)); *accord Porter v. Nussle*, 534 U.S. 516, 524 (2002) (noting "[t]he current exhaustion provision differs markedly from its predecessor. Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); *Fitzgerald v. Corr. Corp. of Am.*, 403 F.3d 1134, 1140–41 (10th Cir. 2005) ("42 U.S.C. § 1997e(a) requires exhaustion of administrative

-9-

remedies as a precondition to bringing litigation, and requires dismissal where a litigant has failed to complete such exhaustion."). Thus, Mr. Lee was not entitled to a stay of proceedings pending proper exhaustion of his administrative remedies and the district court correctly dismissed the complaint.

## III.  CONCLUSION

For the foregoing reasons, we AFFIRM the decision of the district court granting Defendants summary judgment and dismissing Mr. Lee's complaint without prejudice. We GRANT Mr. Lee's motion to proceed *in forma pauperis*, but remind him of his obligation to make partial payments until the district court and appellate filing fees are paid in full. *See* 28 U.S.C. § 1915(b)(1).

ENTERED FOR THE COURT


Carolyn B. McHugh
Circuit Judge

-10-