UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT
_____

ELBERT KIRBY, JR.; CALEB
MEADOWS,

    Plaintiffs - Appellants,

v.

DAVID M. O'DENS; SETTLEPOU;
OCWEN LOAN SERVICING, LLC,

    Defendants - Appellees.

_____

ELBERT KIRBY, JR.; CALEB
MEADOWS,

    Plaintiffs - Appellants,

v.

DAVID M. O'DENS; SETTLEPOU, a/k/a
Settle & Pou, P.C.; OCWEN LOAN
SERVICING, LLC,

    Defendants - Appellees.
_____

No. 15-5107
(D.C. No. 4:14-CV-00388-GKF-PJC)
(N.D. Okla.)

No. 16-5029
(D.C. No. 4:14-CV-00388-GKF-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

_____

Before **LUCERO**, **HOLMES**, and **MORITZ**, Circuit Judges.
_____

In this debt-collection action, pro se plaintiffs Elbert Kirby, Jr., and Caleb Meadows filed separate appeals from district court orders (1) granting the defendants' motion for partial summary judgment and denying reconsideration (Appeal No. 15-5107); and (2) dismissing the remaining claim as a discovery sanction (Appeal No. 16-5029). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm No. 15-5107 and dismiss No. 16-5029.

ResMae Mortgage Company loaned Kirby $450,000 and secured the loan with a mortgage on a parcel of Kirby's real property in Tulsa, Oklahoma.[1] ResMae later assigned the mortgage and accompanying promissory note to U.S. Bank. On April 16, 2010, Ocwen Loan Servicing LLC began servicing the loan for U.S. Bank. Kirby eventually defaulted on the loan and in September 2012, U.S. Bank filed a foreclosure action in state court. In March 2014, attorney David O'Dens and his law firm, SettlePou, began representing U.S. Bank in that foreclosure action, which remains pending.

Proceeding pro se, the plaintiffs filed the instant litigation against Ocwen, O'Dens, and SettlePou in federal court, seeking relief from "consumer law" violations and "sham foreclosure proceedings." R., Vol. I at 29. The plaintiffs asserted claims under the Fair Debt Collections Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p, the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681-1681x, and the Telephone Consumer

_____

[1] Plaintiff Meadows' role in this case is unclear, although the defendants suggest he may be Kirby's tenant.

2

Protection Act (TCPA), 47 U.S.C. § 227. The district court granted the defendants' partial summary-judgment motion on September 21, 2015, resolving all but one FDCPA claim. On October 9, the district court dismissed the remaining claim as a discovery sanction.[2] In a separate filing on October 9, the court entered final judgment, dismissing the entire action with prejudice and ordering that the defendants recover a previously awarded $7,407 monetary sanction.

Ten days later, on October 19, the plaintiffs sought reconsideration of the summary judgment order. The district court construed the motion as arising under Fed. R. Civ. P. 59(b) (new trial) and/or (e) (alter or amend judgment) and denied it on October 21. On October 26, the plaintiffs filed a notice of appeal (No. 15-5107) designating the orders appealed from as the orders granting summary judgment and denying reconsideration.

On November 6, the plaintiffs moved to reconsider the dismissal-sanction order and final judgment. The district court also construed that motion as arising under Fed. R. Civ. P. 59(b) and/or (e) and denied relief on November 17, 2015. The plaintiffs then filed two more reconsideration motions, which the district court denied on February 3 and February 25, 2016, respectively. On March 21, 2016, the plaintiffs filed a second notice of appeal (No. 16-5029), designating the order appealed from as the "judgment filing and orders on the Final Judgment in this Matter."

---

[2] Throughout the district court proceedings, the plaintiffs engaged in a plethora of "abusive and childish" discovery tactics, R., Vol. IV at 885, such as insisting at their depositions that they "live[d] in [their] body" and would one day return home to "the stars," and they had no "personal knowledge" of their birthdates, *id.* at 899-900.

Preliminarily, the defendants argue that this court lacks jurisdiction over Appeal No. 16-5029 as the plaintiffs filed their notice of appeal on March 21, 2016, several months after the time had expired to appeal the October 9, 2015 final judgment from which plaintiffs sought to appeal. We agree.

A timely filed notice of appeal in a civil case is a prerequisite to appellate jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007). Ordinarily, a notice of appeal must be filed in the district court "within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). But certain timely filed motions, such as a motion for a new trial or a motion to alter or amend the judgment, extend the time to appeal until 30 days after the district court disposes of the motion. *Ysais v. Richardson*, 603 F.3d 1175, 1178 (10th Cir. 2010); *see also* Fed. R. App. P. 4(a)(4)(A).[3]

Here, the plaintiffs timely filed on November 6, 2015, a motion to reconsider the October 9, 2015 dismissal sanction and final judgment and the district court again construed the motion as arising under Fed. R. Civ. P. 59(b) and/or (e)). That motion extended the time to appeal to December 17, 2015—30 days from entry of the November 17 order resolving the motion, *see id.* 4(a)(1)(A) & 4(a)(4)(A). And while the plaintiffs subsequently filed two more motions for reconsideration, those motions didn't extend the

---

[3] The first appeal—No. 15-5107—is timely because it was filed within 30 days from the entry of the October 21, 2015, order denying reconsideration. *See* Fed. R. App. P. 4(a)(1)(A) & 4(a)(4)(A). But the scope of the first appeal is limited to the district court's denials of summary judgment and reconsideration. *See Navani v. Shahani*, 496 F.3d 1121, 1133 (10th Cir. 2007) ("An appellate court has jurisdiction to review only the judgment or part of the judgment designated in the notice of appeal." (brackets and internal quotation marks omitted)).

time to appeal beyond the December 17 deadline. *See Ysais*, 603 F.3d at 1178 (holding that motions for reconsideration can't be strung together to extend the appeal period). Thus, we lack jurisdiction over Appeal No. 16-5029, and we have considered below only the plaintiffs' appeal in No. 15-5107 from the district court's order denying summary judgment and reconsideration of that denial.

We review summary-judgment orders de novo. *Ribeau v. Katt*, 681 F.3d 1190, 1194 (10th Cir. 2012). A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "When applying this standard, we view the evidence and draw reasonable inferences therefrom in the light most favorable to the nonmoving party." *Ribeau*, 681 F.3d at 1194 (internal quotation marks omitted).

The plaintiffs' appeal briefs are mostly devoid of coherent arguments, record citations, or legal authorities. *See* Fed. R. App. P. 28(a) (requiring that an appellant's brief contain, among other things, "a succinct, clear, and accurate" summation of the arguments, together with reasoned arguments supported by "citations to the authorities and parts of the record on which the appellant relies"). And while these pro se plaintiffs are entitled to a liberal construction of their filings, we won't act as their advocate. *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). In particular, "we will not sift through the record to find support for [their] argument[s]," *Phillips v. James*, 422 F.3d 1075, 1081 (10th Cir. 2005), or "fashion [their] arguments" out of the conclusory allegations they assert "without supporting factual averments," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994). Put simply, the plaintiffs' pro se status doesn't

5

excuse their compliance with Rule 28's briefing requirements. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005). Nor does the plaintiffs' pro se status require that we tolerate their continued childish litigation antics.[4]

Under these circumstances, we exercise our discretion to review the district court's summary judgment order only as to those grounds raised in the plaintiffs' opening brief that are readily discernible and not scurrilous. *See Garrett*, 425 F.3d at 841 (observing that a pro se plaintiff's failure to follow Rule 28 may be overlooked ). Only three such matters come to our attention.

First, the plaintiffs assert that the district court erroneously found their FDCPA claims time barred. We disagree. The FDCPA has a one-year statute of limitation. 15 U.S.C. § 1692k(d). Ocwen provided validation of the debt in June 2011, *see* 15 U.S.C. § 1692g (requiring the initial debt collector to provide the consumer verification of the debt upon notice that the debt is disputed), but the plaintiffs didn't file suit until July 2014, roughly two years too late. And Kirby was served in the state foreclosure action by October 2012, but didn't file suit within one year from that service. *See Johnson v. Riddle*, 305 F.3d 1107, 1113-14 (10th Cir. 2002) (holding that the one-year limitation

---

[4] As an example of the plaintiffs' failure to demonstrate respect for the decorum and integrity of the judicial process, the plaintiffs suggest that appellee SettlePou's name is misleading under the FDCPA because it "lends itself to a term referring to defecation," Aplt. Opening Br. at 7 n.4.

period to challenge a debt-collection lawsuit runs from the date of service of process).

The district court thus properly found the plaintiffs' FDCPA claim untimely.[5]

Second, the plaintiffs complain that summary judgment was inappropriate because the defendants relied on copies of loan documents rather than "original documents." Aplt. Opening Br. at 15 n.5. But Fed. R. Evid. 1003 allows the use of copies except when "a genuine question is raised about the original's authenticity or the circumstances make it unfair to admit the [copy]." The plaintiffs cite no evidence or circumstances implicating the rule's exception.

Third, the plaintiffs argue the district court should have conducted an evidentiary hearing before granting summary judgment. But such a hearing is not required, as "the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and [submitted] materials." *Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988). Moreover, our review of the record confirms that the issues and evidence presented in this case could be adequately addressed without a formal hearing.

Finally, although the plaintiffs' notice of appeal indicates they challenge the district court's denial of reconsideration of its grant of partial summary judgment, their briefs fail to address this issue. *See Muskrat v. Deer Creek Pub. Schs.*, 715 F.3d 775, 789

---

[5] The plaintiffs also claimed the defendants violated the FDCPA "by repeatedly calling the Plaintiffs without disclosing the caller's identity and causing a telephone to ring and engage in telephone conversation repeatedly and continuously with the intent of abusing, annoying, and harassing the Plaintiffs." R., Vol. I at 26. But that claim was dismissed as a discovery sanction and, as discussed above, this court lacks jurisdiction to review that dismissal.

(10th Cir. 2013) (observing that this court reviews the denial of reconsideration for an abuse of discretion). Thus, they have waived this issue. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1202 n. 4 (10th Cir. 2003) ("[E]ven issues designated for review are lost if they are not actually argued in the party's brief." (internal quotation marks omitted)).

We dismiss Appeal No. 16-5029 for lack of jurisdiction, and we affirm the judgment in Appeal No. 15-5107.

Entered for the Court

Nancy L. Moritz
Circuit Judge