**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**January 23, 2024**

_____

**Christopher M. Wolpert**
**Clerk of Court**

LEON HENDERSON ASKEW,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 23-3046
(D.C. No. 5:20-CV-03058-TC)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HOLMES**, Chief Judge, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

Leon Henderson Askew, a federal prisoner appearing pro se, filed the

underlying lawsuit against the United States and several individual federal

employees, asserting an Eighth Amendment claim for physical and sexual battery and

Kansas state law claims for sexual assault and physical battery pursuant to the

Federal Tort Claims Act (FTCA).  The district court dismissed the claims against the

individual defendants and most of the claims against the United States, and granted

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

summary judgment on the remaining claim. Mr. Askew appeals the judgment only as to the United States.[1] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.     Background

The parties stipulated to the following facts in a pretrial order. Mr. Askew refused to submit to handcuffs to facilitate his transfer. He barricaded himself in his cell and disabled the locking mechanism. Guards cut the lock and shot pepper ball spray into his cell before removing the barricade and entering the cell. They restrained Mr. Askew and escorted him to another cell for documentation and medical assessment. The assessment indicated that his eye was swollen. He was taken to another building where his clothing was cut off and he was placed in clean clothing. A piece of cloth attached to a shoe strap had been wrapped around his genitals. A Public Health Services (PHS) nurse removed the material. In doing so, the nurse touched Mr. Askew's scrotum and penis. Mr. Askew was then transferred to the Federal Transfer Center in Oklahoma City. While there, he reported eye pain.

Mr. Askew filed an administrative complaint alleging physical and sexual assault. He then filed suit in district court against the United States, the nurse, four correctional officers identified as John Doe defendants, and two prison employees who allegedly attempted to cover up the incident. Mr. Askew alleged that the nurse

---

[1] The John Doe defendants were never served and Mr. Askew did not identify them as appellees in his notice of appeal. He filed a motion indicating that the United States is the only defendant. We construed the motion as a motion to voluntarily dismiss all appellees except the United States from the appeal, *see* Fed. R. App. P. 42(b)(2), and granted the motion.

sexually assaulted him while he was naked and pinned down by the four correctional officers, that one of the officers hit him with a blunt object, and that the other three attacked and punched him while he was on the ground. Mr. Askew also asserted claims against the district court judge who sentenced him.

On screening, the district court dismissed the claims against the sentencing judge and the two individual defendants involved in the alleged cover up for failure to state a claim, *see* 28 U.S.C. § 1915A(a), (b)(1), and allowed the matter to proceed against the United States, the nurse, and the four correctional officers. The parties later stipulated to the dismissal of the nurse.

Following discovery and entry of the pretrial order, the United States filed a combined motion to dismiss and motion for summary judgment on behalf of itself and the John Doe defendants. The district court dismissed the claims against the John Doe defendants under Federal Rule of Civil Procedure 12(b)(1) for lack of jurisdiction because Mr. Askew had not exhausted his administrative remedies against them, dismissed the Eighth Amendment claim against the United States and the FTCA sexual assault claim under Rule 12(b)(1) for lack of jurisdiction on sovereign immunity grounds, and granted summary judgment on the FTCA physical battery claim.[2] As noted above, Mr. Askew appeals the judgment only as

---

[2] Mr. Askew filed two post-judgment motions, one seeking transfer of the case to a different court, and another seeking to present newly discovered evidence and reconsideration of the order dismissing his claims. The district court denied both motions. Mr. Askew does not seek review of those rulings, so has waived any challenge he might have had. *See Tran v. Trs. of State Colls. in Colo.*, 355 F.3d

to the United States.[3]

## II.    Standard of Review

We recognize that because Mr. Askew represents himself, he is entitled to a liberal reading of his filings.  *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  We thus make some allowances for deficiencies, such as unfamiliarity with pleading requirements, failure to cite appropriate legal authority, and confusion of legal theories.  *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  But we "cannot take on the responsibility of serving as [his] attorney in constructing arguments and searching the record."  *Id.*

We review de novo both the dismissal of a complaint on sovereign immunity grounds and the grant of summary judgment, applying the same standards that applied in district court.  *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (sovereign immunity dismissal); *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020) (summary judgment).

When, as here, a motion to dismiss based on sovereign immunity challenges the sufficiency of the plaintiff's allegations concerning subject matter jurisdiction,

---

1263, 1266 (10th Cir. 2004) ("Issues not raised in the opening brief are deemed abandoned or waived.").

[3] Because Mr. Askew does not appeal the judgment as to the individual defendants, we need not address his challenges to the district court's dismissal of the claims against the John Doe defendants on exhaustion grounds, including his argument that exhaustion would have been futile.  We note, however, that there is no futility exception to the exhaustion requirement.  *See Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001).

we must accept the factual allegations in the complaint as true. *Peterson*, 707 F.3d at 1205. "However, we are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1206 (internal quotation marks omitted).

At the summary judgment stage, we "view facts in the light most favorable to the non-moving party and draw all reasonable inferences in [their] favor." *Dewitt v. Sw. Bell Tel. Co.*, 845 F.3d 1299, 1306 (10th Cir. 2017) (ellipsis and internal quotation marks omitted). When summary judgment in an FTCA case depends on the interpretation of state law, we review the district court's interpretation and determination of state law de novo. *Aldrich Enter., Inc. v. United States*, 938 F.2d 1134, 1138 & n.4 (10th Cir. 1991).

To survive summary judgment, Mr. Askew had to "present some evidence" beyond the allegations in his complaint to support his allegations. *Serna v. Colo. Dep't of Corr.*, 455 F.3d 1146, 1151 (10th Cir. 2006) (internal quotation marks omitted). "Unsubstantiated allegations carry no probative weight in summary judgment proceedings." *Id.* (internal quotation marks omitted). A district court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

### III.    Discussion

**A.    We decline to consider Mr. Askew's unpreserved arguments.**

Mr. Askew raises several issues on appeal that the district court did not address in the dismissal order, including that (1) the United States tricked him into dismissing the claims against the nurse; (2) the district court improperly "inserted" an Eighth Amendment claim against the John Doe defendants, Aplt. Opening Br. at 9; (3) the court misconstrued his version of the facts in the pretrial order; (4) the United States did not represent his version of the facts in the pretrial order; (5) there was a conflict of interest between the United States and the court; and (6) the court failed to rule on a number of his filings.  He has not provided record citations demonstrating that he raised these issues in district court as required by our local rule, *see* 10th Cir. R. 28.1(A) ("For each issue raised on appeal, the briefs must cite the precise reference in the record where the issue was raised and ruled on.").  We will not comb the record to determine whether he preserved these issues, *see Garrett*, 425 F.3d at 840, and presume that he did not, *see United States v. Leffler*, 942 F.3d 1192, 1196 (10th Cir. 2019) (recognizing that absent precise record citations to where an issue was raised and ruled upon, an appellate court may assume an issue was not preserved).  And because Mr. Askew does not argue for plain error review of the unpreserved issues, we decline to review them.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011).

**B.    The district court properly dismissed the Eighth Amendment claim.**

"The concept of sovereign immunity means that the United States cannot be sued without its consent," and courts do not have subject matter jurisdiction over a claim against the United States unless sovereign immunity has been waived. *Iowa Tribe of Kan. & Neb. v. Salazar*, 607 F.3d 1225, 1232 (10th Cir. 2010) (internal quotation marks omitted).  A waiver "must be unequivocally expressed in statutory text," and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Id.* at 1236 (internal quotation marks omitted).  Thus, to survive dismissal of his Eighth Amendment claim against the United States on sovereign immunity grounds, Mr. Askew needed to establish that the United States has waived its sovereign immunity with respect to that claim.  *See id.* at 1232.  It was impossible for him to do so, because the law is clear that the United States has not waived immunity from suit for constitutional claims for damages.

A plaintiff can bring a claim for money damages against individual federal officers for an Eighth Amendment violation under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  *See Carlson v. Green*, 446 U.S. 14, 18-20 (1980).  But a *Bivens* action "may not be brought directly against the United States," *Farmer v. Perrill*, 275 F.3d 958, 963 (10th Cir. 2001), which is immune from suit for constitutional claims for damages, *see FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).  And Mr. Askew's assertion of an FTCA claim does not save his Eighth Amendment claim against the United States, because although the FTCA allows some state tort claims to be asserted against the United States, it does

7

not waive the United States' sovereign immunity from suit for constitutional tort claims. *See id.* Accordingly, the district court properly dismissed Mr. Askew's Eighth Amendment claim against the United States.

**C.    The district court properly dismissed the FTCA claims.**

Mr. Askew asserted FTCA claims against the United States for sexual assault based on the nurse having touched his genitals, and for battery based on the correctional officers' alleged attack on him. He sought relief for physical injuries and mental and emotional trauma. The district court dismissed the sexual assault claim and granted summary judgment on the battery claim, concluding that the United States was immune from liability on both claims. The court also concluded that Mr. Askew could not recover damages for mental and emotional trauma because his physical injuries were de minimis and he was not the victim of a sexual act. Mr. Askew takes issue with each of those rulings.

**1. The district court correctly dismissed the sexual assault claim.**

The FTCA waives sovereign immunity for some actions against the United States stemming from injuries caused by the wrongful acts of its employees while acting in the scope of their employment. *See* 28 U.S.C. § 1346(b)(1). This waiver does not apply to claims for assault and battery unless the acts complained of were committed by "investigative or law enforcement officers of the United States." 28 U.S.C. § 2680(h). An investigative or law enforcement officer is "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.* Section 2680(h) thus preserves the

government's sovereign immunity from liability for assault and battery claims arising from the conduct of employees who do not fit this definition. *See Millbrook v. United States*, 569 U.S. 50, 52-53 (2013).

In the pretrial order, the parties stipulated that, as a PHS officer, the nurse was "not empowered by law to execute searches, to seize evidence, or to make arrest[s] for violation of federal law," and was "not a law enforcement officer." R. at 224. Based on that stipulation, the district court concluded that the nurse was not an investigative or law enforcement officer under § 2680(h) and that the United States was therefore immune from liability for the nurse's alleged sexual assault on Mr. Askew. The court thus dismissed the sexual assault claim for lack of jurisdiction. *See Dry v. United States*, 235 F.3d 1249, 1257-58 (10th Cir. 2000).

On appeal, Mr. Askew provides a factual narrative regarding the alleged sexual assault and the emotional and mental trauma it caused. But his brief does not explain why the district court's reason for dismissing the claim was wrong, and he points to no evidence establishing that the nurse was acting as an investigative or law enforcement officer. Mr. Askew's factual narrative is not a "substitute for legal argument," and because he has failed to show any reversible error, we affirm the district court's dismissal of this claim. *Nixon v. City & Cnty. of Denver*, 784 F.3d 1364, 1366 (10th Cir. 2015) (affirming dismissal of claim where appellant's brief failed to challenge the basis for the district court's ruling).

## 2. The district court properly granted summary judgment on the battery claim.

Under the FTCA, Congress granted a "limited waiver of sovereign immunity" by "making the Federal Government liable to the same extent as a private party for certain torts of federal employees." *United States v. Orleans*, 425 U.S. 807, 813 (1976). Liability may arise for physical injuries caused by the wrongful acts of federal employees only "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act . . . occurred." 28 U.S.C. § 1346(b)(1). This requires application of "relevant state law." *Stokes v. United States*, 967 F.3d 1034, 1037-38 (10th Cir. 2020). Here, the events occurred in Kansas and the parties agree that Kansas law governs Mr. Askew's claim.

Under Kansas law, civil battery is "the unprivileged touching or striking of one person by another, done with the intent of bringing about either a contact or an apprehension of contact that is harmful or offensive." *McElhaney v. Thomas*, 405 P.3d 1214, 1219 (Kan. 2017) (brackets and internal quotation marks omitted); *see* Kan. Stat. Ann. § 21-5413(a). By statute, law enforcement officers may use reasonable force to make an arrest. Kan. Stat. Ann. § 21-5227(a). The statute provides a defense to officers in a civil lawsuit. *Dauffenbach v. City of Wichita*, 8 Kan. App. 2d 303, 310 (Kan. Ct. App. 1983) (applying predecessor statute). The statutory right to use reasonable force also applies to correctional officers in "maintaining security, control, and discipline in a correctional institution."

Kan. Admin. Regs. § 44-5-106(a) (incorporating predecessor statute by reference). Thus, a correctional officer "has discretion to determine the degree of force required under the circumstances as they appear to the officer at the time," and "[t]he degree of force used may be reasonable even though it is more than is actually required," as long as the officer does not use "an unreasonable amount of force or wantonly or maliciously injure" someone. *Dauffenbach*, 8 Kan. App. 2d at 308.

In support of its motion for summary judgment, the government submitted a video of the incident and declarations from the nurse and each of the correctional officers describing the incident. The video shows that Mr. Askew had barricaded himself in his cell and refused the officers' orders to submit to handcuffs for transfer. After he tried to hit the officers through the cell bars, they sprayed gas into the cell and used a ram to push him away from the door. When they entered, they restrained him and led him out of the cell. After the nurse physically examined him, he was put in a wheelchair and pushed to a different building, where the officers carried him to a room and removed his clothes. The nurse removed the materials wrapped around Mr. Askew's genitals,[4] and the officers dressed him in clean clothes. Throughout the incident, the officers asked Mr. Askew to cooperate voluntarily before resorting to any use of force. The video does not show any guards hitting Mr. Askew, either with their fists or with any other objects.

---

[4] In his deposition, Mr. Askew testified that he had wrapped the materials around his genitals sometime before the incident.

In opposing summary judgment, Mr. Askew insisted that "ALL these defendants lied" in their declarations, R. at 505, but he presented no factual or evidentiary support for that contention. He did not dispute the accuracy of the video, and he presented no evidence beyond the allegations in his complaint that the officers used unreasonable force.

Mr. Askew had the burden of proving sovereign immunity has been waived, *see James v. United States*, 970 F.2d 750, 753 (10th Cir. 1992), and, having reviewed the video and other summary judgment evidence, we agree with the district court's conclusion that he failed to meet his burden. The video shows that the officers used reasonable force to maintain order, as permitted under Kansas Administrative Regulations § 44-5-106(a), so would not be liable for battery under Kansas law. Accordingly, the United States could not be held liable for their actions under the FTCA, and was entitled to summary judgment. *See Ayala v. United States*, 49 F.3d 607, 610 (10th Cir. 1995) (holding that "the government is not liable under the FTCA unless state law recognizes a comparable liability for private persons"); *see also Scott v. Harris*, 550 U.S. 372, 380 (2007) (holding that defendant in civil rights excessive force case was entitled to summary judgment where the plaintiff's version of events was "blatantly contradicted" by a video of the incident).

Finally, having upheld the district court's conclusion that the United States was immune from liability on both of Mr. Askew's tort claims, we need not address its determination that he could not recover damages for mental and emotional trauma he claims to have suffered as a result of the conduct giving rise to those claims

12

because his physical injuries were de minimis and he was not the victim of a sexual act. *See* 28 U.S.C. § 1346(b)(2) ("No person convicted of a felony who is incarcerated . . . while serving a sentence may bring a civil action against the United States or . . . any employee of the Government for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18")). We thus do not consider Mr. Askew's argument that his physical injuries were more than de minimis, or the government's argument about whether § 1346(b)(2)'s incorporation of the definition of "sexual act" in § 2246, *see* 18 U.S.C. § 2246(2), also incorporates § 2246's definition of "sexual contact," *see id.* § 2246(3), for purposes of the limitation on recovery for mental and emotional injuries.

**D.    The district court did not violate Mr. Askew's right to due process.**

In upholding the district court's judgment, we reject Mr. Askew's argument that the court violated his right to due process by dismissing his claims "outside of the scheduling order set forth in the pre-trial order" and "before and absent of notifying [the] parties." Aplt. Opening Br. at 6.

The pretrial order put Mr. Askew on notice that the United States "will file a summary judgment motion," and that the case could be decided on the dispositive motions without a trial. R. at 235. Contemporaneously with the filing of its motion, the government mailed a notice to Mr. Askew informing him the motion "asked the Court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion." R. at 497. The notice explained that

Mr. Askew could "not oppose summary judgment simply by relying upon the allegations in [his] complaint," *id.*, and that if he did not respond to the motion "with affidavits and/or documents contradicting the material facts asserted by the defendants, the court may accept defendants' facts as true, in which event [the] case may be dismissed and judgment entered in defendants' favor without a trial," *id.* at 498. Mr. Askew filed a response in opposition to the motion, which the district court considered in ruling on the motion. He thus had notice and adequate opportunity to submit evidence in opposition to the government's motion. The fact that the district court set a trial date in the pretrial order does not mean it was required to hold a trial—judicial efficiency is served when a district court schedules a trial but also entertains dispositive motions that may obviate the need for trial. Nor was the court required to hold an evidentiary hearing on the motion. *See Geear v. Boulder Cmty. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988). Instead, "the parties' right to be heard may be fulfilled by the court's review of the briefs and supporting affidavits and materials submitted to the court." *Id.*

## IV.    Conclusion

We affirm the district court's judgment. We grant Mr. Askew's motion for leave to proceed without prepayment of fees and costs. We deny his "Motion for Leave to Proceed Outside Any Time Barred Limitations/Motion to Appoint Special

14

Counsel" and his motions for court-appointed counsel and for leave to present newly

discovered evidence.

Entered for the Court

Jerome A. Holmes
Chief Judge
